723 So.2d 1086 (1998)
David PRESTAGE
v.
Jack CLARK, Edward L. Clark, XYZ Insurance Company and ABC Insurance Company.
No. 97 CA 0524.
Court of Appeal of Louisiana, First Circuit.
December 28, 1998.
*1087 Joe Arthur Sims, Hammond, for Plaintiff-Appellee David Prestage.
Tracy S. Pickerell, Baton Rouge, for Defendant-Appellant Edward Clark.
William H. Voigt, Thomas, Hayes & Buckley, LLP, New Orleans, for Defendants-Appellees Iddo Pittman and State Farm Mutual Insurance Company.
Before: GONZALES, PARRO, and GUIDRY, JJ.
PARRO, J.
Edward Clark appeals from various orders of the trial court made during the proceedings in his action to annul a default judgment and an action for damages against his insurer and his former attorney for failure to properly defend him. For the following reasons, Clark's appeal is dismissed in part, and the September 25, 1996 judgment is affirmed.

Facts and Procedural History
On June 20, 1994, David Prestage ("Prestage") filed a suit for wrongful seizure, damages, and rental proceeds against Jack Clark[1] and Edward L. Clark ("Clark"). On July 13, 1994, Iddo Pittman, Jr. ("Pittman"), Clark's attorney, filed a motion for extension of time in which to file responsive pleadings.[2] The trial court allowed Clark until August 8, 1994, to respond. Pittman also filed a request for written notice of assignment and written notice of any order or judgment made or rendered.
By letter dated July 29, 1994, State Farm Mutual Insurance Company[3] ("State Farm") notified Clark as follows:
We regret to inform you that there is no coverage for a defense on the above captioned claim. Neither your homeowner policy nor your umbrella policy allows coverage since there was no "personal injury" as defined by the policy.
The homeowner policy also does not apply because there was no "bodily injury" or *1088 "property damage" as defined by that policy.
If there are any questions concerning this denial, please feel free to call me at 642-2320.
We will allow an additional 30 days for a defense. After this period of time, you will have to have your own attorney to handle this claim.
In conjunction with this letter, State Farm notified Pittman to close his file after the referenced 30-day period. Without filing an answer on Clark's behalf, Pittman was allowed to withdraw as counsel of record for Clark by order dated September 26, 1994. Attached to the motion to withdraw was a certificate by Pittman, which stated that a copy of the motion was mailed to Clark at 411 Pecan Street, Hammond, Louisiana 70401, postage prepaid.
On October 27, 1994, a judgment of default was confirmed against Clark for: $22,000 for the value of the boat; $9,824.74 for improvements to the boat, supplies, equipment, and personal effects that were on the boat; and $15,000 for damages for wrongful seizure and depriving Prestage of the use of the boat.
On January 26, 1995, Clark, represented by a different attorney, filed a "Petition of Annulment of Default Judgment and Suit for Damages for Failure to Defend" in the suit record of Prestage's action for wrongful seizure. Prestage, State Farm, Pittman, and ABC Insurance Company were named as defendants. With respect to Prestage, Clark sought to have the default judgment annulled; with respect to Pittman and State Farm, Clark sought damages for breach of their duty to defend him in the action by Prestage.
Since the petition filed by Clark involved an action against Prestage to annul a final judgment and an action against Pittman and State Farm for damages for failure to defend in Prestage's original action, Prestage requested that Clark's claims be severed on the grounds of improper cumulation of actions. In response to Clark's petition for annulment of the default judgment, Prestage filed a peremptory exception raising the objection of no cause of action on the ground that Prestage did not commit the acts for which the final judgment could be annulled. Thus, Prestage prayed for his dismissal from this action. Clark opposed Prestage's motion to sever and his exception of no cause of action. These matters were heard by the trial court on April 10, 1995, and were taken under advisement.
On April 12, 1995, the trial court signed an order granting Prestage's motion to sever the action for damages against Pittman and State Farm from the action to annul.[4] Furthermore, finding no grounds for an annulment, the trial court maintained Prestage's exception of no cause of action and dismissed Clark's petition to annul the default judgment. On July 6, 1995, Prestage executed a satisfaction of judgment in which he acknowledged payment by Clark in full settlement for value of the default judgment taken against Clark on October 27, 1994.
Proceeding in the same suit record, State Farm and Pittman requested that Clark's action for damages be set for trial. On October 6, 1995, counsel for State Farm and Pittman received a request for admissions from Clark. On December 5, 1995, Clark filed a rule to deem facts admitted in light of State Farm and Pittman's failure to respond to the request for admissions.[5] The trial court declined to deem the facts admitted and granted State Farm and Pittman's motion for an extension of time in which to respond to the request for admissions. Their responses to the request for admissions were filed within the delay allowed by the trial court.
After the trial of Clark's action for damages against State Farm and Pittman, the trial court signed a judgment on September 25, 1996, in favor of State Farm and Pittman, *1089 dismissing Clark's action. Subsequently, Clark filed a motion to appeal the final judgment dismissing his petition to annul the default judgment and the final judgment dismissing his claims against State Farm and Pittman. On appeal, Clark assigns the following as error: (1) the trial court's maintaining of Prestage's exception of no cause of action regarding Clark's petition to annul the default judgment, (2) the trial court's denial of his rule to deem facts admitted, (3) the trial court's granting of State Farm and Pittman's motion for extension of time to respond to request for admissions, (4) the trial court's failure to find that Pittman's actions constituted legal malpractice, and (5) the trial court's failure to find that State Farm breached its duty to defend.

No Cause of Action
Prior to addressing whether the trial court erred in granting Prestage's exception raising the objection of no cause of action with respect to Clark's action to annul the default judgment, State Farm, Pittman, and Prestage request that we determine if Clark's appeal of this issue is timely.
Ordinarily, a judgment granting a peremptory exception of no cause of action is a final judgment entitling the plaintiff to an appeal. See LSA-C.C.P. art. 1841; Dufour v. Westlawn Cemeteries, Inc., 94-81 (La.App. 5th Cir.6/28/94), 639 So.2d 843, 846. When a judgment adjudicates all of the claims and defenses asserted by all of the parties, such a judgment is universally recognized as appealable. Everything On Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1240 (La.1993). But when a judgment adjudicates fewer than all of the claims or defenses, or adjudicates the claims or defenses of one or more but less than all of the parties, there are significant problems in designating such a judgment as appealable. Everything On Wheels Subaru, Inc., 616 So.2d at 1240-41.
Generally, the courts will not maintain an exception of no cause of action in part. If the petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action generally should be overruled. The purpose of this general rule is to prevent a multiplicity of appeals which forces an appellate court to consider the merits of the action in a piecemeal fashion. Everything On Wheels Subaru, Inc., 616 So.2d at 1236. However, if two or more actions are cumulated which could have been brought separately because they were based on the operative facts of separate and distinct transactions or occurrences, a partial judgment may be rendered to dismiss one action on an exception of no cause of action, while leaving the other actions to be tried on the merits. Everything On Wheels Subaru, Inc., 616 So.2d at 1239. In such a case, there are truly several causes of action, and a judgment partially maintaining the exception as to one separate and distinct cause of action is generally appropriate. Everything On Wheels Subaru, Inc., 616 So.2d at 1239.
Appeals may be taken from a final judgment and from an interlocutory judgment which may cause irreparable injury. LSA-C.C.P. art. 2083. A final judgment is one that determines the merits of the action in whole or in part. LSA-C.C.P. art. 1841. LSA-C.C.P. art.1915 lists the exclusive instances in which partial final judgments are permitted.[6]See Everything On Wheels Subaru, Inc., 616 So.2d at 1240. Article 1915 does not authorize a partial final judgment on an exception of no cause of action unless a party is dismissed; this is so because a party who is completely exonerated in pretrial proceedings should be spared further litigation. Everything On Wheels Subaru, Inc., 616 So.2d at 1241. However, if the judgment does not result in the dismissal of a party, the judgment is an interlocutory judgment, which is not appealable in the absence of irreparable injury. Everything On Wheels Subaru, Inc., 616 So.2d at 1241.
*1090 Clark's petition attempts to set forth a cause of action against Prestage to annul the default judgment. It also sets forth a separate and distinct cause of action against State Farm and Pittman for failure to defend. Clearly, the latter claim was not asserted as to Prestage. Prestage's sole involvement as a defendant was with respect to the action to annul. The separateness of Clark's causes of action was recognized by the trial court when it granted Prestage's motion to sever. Once Clark's cause of action against State Farm and Pittman was severed, the trial court was free to evaluate Prestage's peremptory exception of no cause of action with respect to the action to annul, without having to consider whether the exception of no cause of action might result in a partial final judgment. In light of the severance of the causes of action, the trial court's April 12, 1995 order granting Prestage's peremptory exception of no cause of action and dismissing Clark's petition to annul was a final judgment entitling Clark to an appeal.
Since the April 12, 1995 order was a final appealable judgment and Clark's appeal of this judgment was filed more than one and a half years after April 12, 1995, it was untimely. Therefore, the portion of Clark's appeal seeking review of the trial court's ruling on Prestage's exception raising the objection of no cause of action is dismissed.[7]

Extension of Time to Answer Request for Admissions
Clark argues the trial court erred as a matter of law in denying his rule to deem facts admitted and in granting State Farm and Pittman additional time to answer the outstanding request for admissions after the delay for responding had lapsed.
A party may serve upon any other party a written request for the admission of the truth of any relevant matters of fact. LSA-C.C.P. art. 1466. Generally, the matter is deemed admitted if the party to whom the request is directed does not respond within 15 days after service of the request.[8] LSA-C.C.P. art. 1467. Any matter deemed admitted under article 1467 is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission. LSA-C.C.P. art. 1468. The court may permit withdrawal of an admission when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal of the admission will prejudice him in maintaining his action or defense on the merits. LSA-C.C.P. art. 1468.
Generally, the courts have given full effect to articles 1467 and 1468 when there has been a total lack of response to requests for admissions. Vardaman v. Baker Center, Inc., 96-2611 (La.App. 1st Cir.3/13/98), 711 So.2d 727, 732. However, several Louisiana courts have allowed late-filed denials to requests for admissions to constitute requests for withdrawal of those admissions, even if the responses were provided extremely late and were not presented to the court by a motion to withdraw or amend the admissions. Vardaman, 711 So.2d at 732.
The language of article 1467 is very clear; the matter is admitted unless a written answer or objection is served on the party making the request within the specified time after service of the request. Vardaman, 711 So.2d at 732-33. However, article 1467 is not a trap set for the litigant; it provides many options for the party on whom the request is served. For example, if the party cannot answer within the specified time, the court may allow additional time. See LSA-C.C.P. art. 1467; Vardaman, 711 So.2d at 733.
On October 6, 1995, counsel for State Farm and Pittman received requests for admissions from Clark. Within four days of receipt, counsel for State Farm and Pittman contacted counsel for Clark regarding an extension of time within which to respond. *1091 Counsel for Clark contends that the informal extension of time pertained only to Clark's request for production of documents. There appears to be some confusion as to whether the informal extension applied to the request for admissions. Following the expiration of the extended period, counsel for State Farm and Pittman filed a formal request for extension of time in which to respond to the requests for admissions. After considering a rule to deem facts admitted by Clark and the motion for extension of time and supporting memorandum by State Farm and Pittman, the trial court refused to deem the facts admitted and allowed State Farm and Pittman additional time in which to respond.
Clark argues the trial court erred as a matter of law in allowing additional time. Clark would have this court interpret LSA-C.C.P. art. 1467 to require that a request for additional time be made prior to the expiration of the 15-day period during which the party legally has to respond. However, this court notes that LSA-C.C.P. art. 1467 does not mandate such action. Furthermore, the trial court has discretion to allow the withdrawal of the admission. The trial court apparently interpreted State Farm and Pittman's motion for extension of time as a motion to withdraw admissions and allowed them additional time in which to provide responses.
With more than two months until the trial and only two months from service of the request for admissions, we find no abuse in the trial court's discretion in this case. Following the trial court's implied granting of their motion to withdraw admissions and the granting of their motion for an extension of time within which to respond, State Farm and Pittman filed their responses to the request for admissions within the delay allowed by the trial court. Thus, the facts sought by the request for admissions were not admitted under LSA-C.C.P. art. 1467, and the trial court did not abuse its discretion in denying Clark's rule to deem facts admitted.

Legal Malpractice
A lawyer should not neglect any legal matter entrusted to him. Rules of Professional Conduct, Rule 1.1; Louisiana State Bar Ass'n v. Causey, 393 So.2d 88, 91 (La.1980). An attorney owes his client the duty of diligent investigation and research. Rules of Professional Conduct, Rule 1.3; Finkelstein v. Collier, 93-999 (La.App. 5th Cir.4/14/94), 636 So.2d 1053, 1058; Dixon v. Perlman, 528 So.2d 637, 642 (La.App. 2nd Cir.1988). The extent of the attorney's duty to the client may depend in part on the client's particular circumstances and situation. Finkelstein, 636 So.2d at 1058; Dixon, 528 So.2d at 642.
A claim for legal malpractice is stated when the plaintiff alleges there was an attorney-client relationship, the attorney was guilty of negligence or professional impropriety in his relationship with the client, and the attorney's misconduct caused the client some loss.[9]Burris v. Vinet, 95-0668 (La. App. 1st Cir.11/9/95), 664 So.2d 1225, 1229; Ault v. Bradley, 564 So.2d 374, 376 (La.App. 1st Cir.), writ denied, 569 So.2d 967 (La. 1990). The existence of an attorney-client relationship turns largely on the client's subjective belief that it exists. Louisiana State Bar Ass'n v. Bosworth, 481 So.2d 567, 571 (La.1986). The proper method of determining whether an attorney's malpractice is a cause in fact of damage to his client is whether the performance of that act would have prevented the damage. Ault, 564 So.2d at 379.
In the instant case, the trial court found an attorney-client relationship existed initially between Clark and Pittman. This finding is supported by the record and is not manifestly erroneous. Referring to Rule 1.4 of the Rules of Professional Conduct, the trial court noted that an attorney has a duty to keep his client reasonably informed about the status of a matter. Furthermore, upon termination of representation, the attorney must take steps, to the extent reasonably practicable, to *1092 protect a client's interest, such as giving reasonable notice to the client and allowing time for employment of other counsel.[10] Rules of Professional Conduct, Rule 1.16(d); see Century Bank in New Orleans v. Doley, 527 So.2d 437, 438 (La.App. 4th Cir.1988). Relying on Finkelstein, 636 So.2d 1053, Clark argued that Pittman was negligent in failing to notify him that an answer had not been filed on his behalf and in failing to deliver the motion to withdraw as counsel of record by certified mail, return receipt requested.
In determining whether Pittman was negligent under the facts of this case and whether such negligence, if any, caused Clark some loss, the trial court observed that the motion to withdraw was mailed by regular mail and had not been returned to Pittman. Furthermore, the court noted that Clark admitted receiving the July 29, 1994 letter from the State Farm agent, advising that representation would cease within thirty days. After considering this evidence, the trial court concluded Clark was fully advised of the probable consequences of his failure to obtain professional help to prevent the ultimate disposition against him. We agree. The record reasonably supports a finding that Pittman's negligence, if any, was not the cause in fact of damage to Clark because Clark failed to prove that the performance of such acts would have prevented the alleged damage. Rather, his damage, if any, was caused by his ignoring State Farm's advice and deciding not to engage counsel to handle his defense in Prestage's action.

State Farm's Duty to Defend
Generally, the insurer's obligation to defend suits against its insured is broader than its liability for damage claims. Yount v. Maisano, 627 So.2d 148, 153 (La.1993). The insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. Yount, 627 So.2d at 153.
Thus, assuming all the allegations of the petition are true, if there would be both (1) coverage under the policy and (2) liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit. Additionally, the allegations of the petition are liberally interpreted in determining whether they set forth grounds which bring the claims within the scope of the insurer's duty to defend the suit brought against its insured. Yount, 627 So.2d at 153.
Upon being notified by Clark that suit had been filed, State Farm undertook to investigate Prestage's claim to determine if any of the policies of insurance issued to Clark provided coverage. While investigating the question of coverage, State Farm engaged the services of Pittman to protect Clark's interest. To prevent a default judgment from being entered, Pittman obtained various extensions of time in which to file responsive pleadings on Clark's behalf. Pittman also filed a request for written notice of assignment and judgment. Once State Farm determined that Clark's policies did not afford coverage, it notified Clark by certified mail, return receipt requested, of such determination and advised him to obtain other counsel.
The trial court found that the allegations of Prestage's petition unambiguously excluded coverage and there was no evidence offered at trial to establish coverage under the policies. These findings have not been challenged on appeal. Therefore, State Farm had no duty to defend Clark under the facts of this case. Furthermore, we conclude State Farm's actions pending its investigation of Prestage's claim did not constitute negligence.

Decree
For the foregoing reasons, the portion of Clark's appeal pertaining to the trial court's April 12, 1995 order relating to the exception raising the objection of no cause of action is *1093 dismissed, and the September 25, 1996 judgment is affirmed.
APPEAL DISMISSED IN PART AND JUDGMENT AFFIRMED.
GUIDRY, J., concurs.
NOTES
[1] The claims filed against Jack Clark are not at issue in this appeal.
[2] Clark was claiming insurance coverage from his insurer, State Farm Mutual Insurance Company, who retained Pittman.
[3] In the record, State Farm is referred to as State Farm Insurance Companies and State Farm Fire and Casualty Company. However, its brief to this court reveals its correct name is State Farm Mutual Insurance Company.
[4] Although this action was severed, the record does not show that a separate docket number was assigned to Clark's claim for damages.
[5] In this rule, Clark stated that on October 10, 1995, he granted State Farm and Pittman 30 additional days (until November 20, 1995) to answer the request for production of documents, but he denied allowing any additional time to respond to the request for admissions.
[6] Pursuant to 1997 La. Acts No. 483, § 2, effective July 1, 1997, LSA-C.C.P. art.1915 was amended, redefining the types of judgments which are classified as final judgments. The 1997 amendments to LSA-C.C.P. art.1915 are not applicable in this case. See Morgan v. Earnest Corporation, 97-0869 (La.App. 1st Cir.11/7/97), 704 So.2d 272, 275, writ denied, 97-3031 (La.2/20/98), 709 So.2d 775.
[7] Moreover, in light of the satisfaction of the default judgment by Clark, the right of Clark to take an appeal from this judgment is questionable. See LSA-C.C.P. art.2085.
[8] Generally, a defendant shall not be required to serve answers or objections to the request for admissions before the expiration of thirty days after service of the petition on him. LSA-C.C.P. art. 1467.
[9] Once a prima facie case of malpractice has been made by the plaintiff, the burden of proof shifts to the defendant, and the defendant then bears the burden of proving that the litigation would have been unsuccessful. Jenkins v. St. Paul Fire & Marine Ins. Co., 422 So.2d 1109, 1110 (La.1982); Ault v. Bradley, 564 So.2d 374, 376-377 (La.App. 1st Cir.), writ denied, 569 So.2d 967 (La.1990).
[10] For various reasons, attorneys frequently withdraw from pending legal actions. Procedurally, this can only be accomplished with leave of court, and only after giving a reasonable notice to the client of the intention to withdraw from the litigation. Century Bank in New Orleans v. Doley, 527 So.2d 437, 438 (La.App. 4th Cir. 1988).