McCLENDON, J.
 

 |2This is an appeal from a trial court judgment granting the motion for summary judgment filed by one of the defendants and dismissing the plaintiffs claims for damages against that defendant for the breach of a contract to construct and finish a residential concrete foundation. For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 The plaintiff, Dan-Cin Construction Company, Inc. (Dan-Cin), filed a Petition for Damages and for Breach of Contract on April 7, 2006, asserting that it contracted separately with the defendants, Johnny Thrasher d/b/a Johnny Thrasher Cement Finishing (Thrasher) and Charles Bollinger, “to construct and finish a concrete residential slab” on immovable property located in Mandeville, Louisiana.
 
 [1]
 
 Dan-Cin asserted that the defendants failed to perform their obligation in a good and workmanlike manner, resulting in “major structural defects” in the concrete slab. Bollinger answered the petition generally denying its allegations, except to admit that he contracted with Dan-Cin “to construct a form/frame for a
 
 *207
 
 residential concrete foundation” and to state as a defense that he exercised no control over Thrasher. Further, on February 2, 2007, Bollinger propounded Interrogatories, a Request for Production of Documents, and a Request for Admissions. Two months later, on April 3, 2007, Bollinger requested by letter that Dan-Cin respond to his discovery requests, and on May 10, 2007, Bollinger requested a discovery conference by telephone regarding the outstanding discovery. Dan-Cin failed to participate in the telephone conference, and on May 30, 2007, Bollinger filed a motion to compel answers and responses to his discovery requests. Additionally, on June 13, 2007, Bollinger filed a motion for summary judgment, asserting that because Dan-Cin had not responded to his Request for Admissions, under the clear language of the Louisiana Code of Civil Procedure, those requests were deemed admitted, and, ^accordingly, he was entitled to summary judgment as a matter of law. Both motions were set for hearing on July 18, 2007, at which time the trial court deemed the discovery responses admitted and, based on those admissions, granted Bol-linger’s motion for summary judgment. Judgment was signed on July 27, 2007, dismissing Dan-Cin’s suit against Bollinger. A motion for new trial filed by Dan-Cin was denied, and Dan-Cin has appealed.
 

 SUMMARY JUDGMENT LAW
 

 Summary judgments are reviewed on appeal
 
 de novo
 
 under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate.
 
 Duplantis v. Dillard’s Dept. Store,
 
 02-0852, p. 5 (La.App. 1 Cir. 5/9/03), 849 So.2d 675, 679,
 
 writ denied,
 
 03-1620 (La.10/10/03), 855 So.2d 350. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.
 
 Brumfield v. Gafford,
 
 99-1712, p. 3 (La.App. 1 Cir. 9/22/00), 768 So.2d 223, 225.
 

 A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.
 
 Id.,
 
 99-1712 at pp. 3-4, 768 So.2d at 225;
 
 see
 
 LSA-C.C.P. art. 966 B.
 

 The burden of proof is on the mov-ant. But, if the movant will not bear the burden of proof at the trial of the matter, the movant is not required to negate all essential elements of the adverse party’s claim, but rather to point out an absence of factual support for one or more essential elements. Thereafter, if the adverse party fails to provide factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine |4issue of material fact, and summary judgment is properly granted.
 
 See
 
 LSA-C.C.P. art. 966 C.
 

 DISCUSSION
 

 In the case
 
 sub judice,
 
 Dan-Cin asserts that although it did not formally respond to Bollinger’s requests for admissions, the requests were answered and denied under oath on direct examination in depositions taken prior to the hearing on Bollinger’s motion for summary judgment. Dan-Cin further alleges that, even if deemed admitted, the requests for admission are insufficient for summary judgment purposes. Lastly, Dan-Cin contends
 
 *208
 
 that Bollinger’s failure to include a list of the essential legal elements and a list of the material facts the mover contends are not genuinely disputed, as required by the local rules of court, precludes summary judgment in this matter.
 

 While we recognize Dan-Cin’s argument regarding Bollinger’s failure to comply with Rule 9.10 of the Louisiana Rules for District Court, we note that Dan-Cin did not raise this issue at any time at the trial court level. As a general rule, appellate courts will not consider issues that were not raised in the pleadings, were not addressed by the trial court, or are raised for the first time on appeal.
 
 Stewart v. Livingston Parish School Board,
 
 07-1881, p. 6 (La.App. 1 Cir. 5/2/08), 991 So.2d 469, 474. Because this issue was not raised below, we decline to consider it for the first time in this appeal. Furthermore, Bollinger’s memorandum and supporting documentation for its summary judgment motion was in conformity with the Louisiana Code of Civil Procedure and contained the enumerated elements of Rule 9.10. The trial court was within its discretion in dispensing with the strict application of the local rules when unnecessary to the resolution of a dispute.
 
 See Hunt Petroleum Corp. v. Texaco, Inc.,
 
 04-0729, p. 3 (La.App. 4 Cir. 12/01/04), 891 So.2d 36, 38.
 

 Regarding the requests for admissions, pursuant to the Louisiana Code of Civil Procedure, a party may serve upon any other party a written request for the admission of the truth of any relevant matters of fact.
 
 See
 
 LSA-C.C.P. art. 1466. Generally, the matter is deemed admitted if the party to whom the request is | ¿directed does not respond within fifteen days after, service of the request. LSA-C.C.P. art. 1467. Any matter deemed admitted under Article 1467 is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission. LSA-C.C.P. art. 1468. The court may permit withdrawal of an admission when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal of the admission will prejudice him in maintaining his action or defense on the merits. LSA-C.C.P. art. 1468.
 

 Generally, the courts have given full effect to Articles 1467 and 1468 when there has been a total lack of response to requests for admissions.
 
 Prestage v. Clark,
 
 97-0524, p. 7 (La.App. 1 Cir. 12/28/98), 723 So.2d 1086, 1090,
 
 writ denied,
 
 99-0234 (La.3/26/99), 739 So.2d 800;
 
 Vardaman v. Baker Center, Inc.,
 
 96-2611, p. 7 (La.App. 1 Cir. 3/13/98), 711 So.2d 727, 732. The language of Article 1467 is very clear; the matter is admitted unless a written answer or objection is served on the party making the request within the specified time after service of the request.
 
 Prestage,
 
 97-0524 at p. 7, 723 So.2d at 1090;
 
 Vardaman,
 
 96-2611 at p. 9, 711 So.2d at 732-33. However, Article 1467 is not a trap set for the litigant; it provides many options for the party on whom the request is served. For example, if the party cannot answer within the specified time, the court may allow additional time.
 
 See
 
 LSA-C.C.P. art. 1467;
 
 Prestage,
 
 97-0524 at pp. 7-8, 723 So.2d at 1090. Additionally, a party against whom a fact has been deemed admitted has the opportunity to seek to have the fact withdrawn or amended.
 
 See
 
 LSA-C.C.P. art. 1468;
 
 Vardaman,
 
 96-2611 at p. 9, 711 So.2d at 733. However, if a party fails to take any steps available to it, the fact is admitted and, according to Article 1468, is conclusively established.
 
 Vardaman,
 
 96-2611 at p. 9, 711 So.2d at 733.
 

 In this matter, at no time did Dan-Cin ask for additional time to respond. Nor did it ever file any pleadings responding to the requests for admission
 
 *209
 
 or seeking to withdraw the deemed admissions. Further, Dan-Cin failed to file any opposition to Bollinger’s motion for summary judgment, whether by affidavit, |,Reposition, or otherwise. At the hearing on the motion for summary judgment, Dan-Cin’s argument was simply that the requests made in the interrogatories, request for production of documents, and request for admissions were asked and answered in the depositions of the owners and officers of Dan-Cin, taken at Bollinger’s request approximately one month prior to the hearing. However, the transcripts of the depositions were not introduced into evidence at the hearing, nor was a request made to hold the matter open until the depositions were transcribed and submitted. It was not until Dan-Cin filed its motion for a new trial with the deposition transcripts attached that they were made part of the record. At that time, Dan-Cin argued that the transcripts were not available any earlier. This evidence was clearly untimely and cannot be considered herein.
 
 See Vardaman,
 
 96-2611 at pp. 5-6, 711 So.2d at 730-31. Because of the very clear language of LSA-C.C.P. arts. 1467 and 1468 and because Dan-Cin failed to file any response to the requests for admission or to seek to withdraw or amend the admissions, the trial court correctly deemed the requests for admission admitted and conclusively established as facts for the purposes of this litigation.
 

 Consequently, the requests for admission established that on August 5, 2005, Dan-Cin entered into a contract with Bol-linger to construct a form/frame for a concrete foundation on property in Mande-ville; that on August 22, 2005, Dan-Cin entered into a second contract with Thrasher for the pouring and finishing of the concrete slab; that Dan-Cin submitted plans to Bollinger from which to construct the form/frame for the slab; that Dan-Cin and its architect made modifications to the plans and specifications, which, as amended, were complied with in their entirety by Bollinger; that Bollinger did not pour the cement for the concrete foundation; that Bollinger did not perform any finishing work on the concrete foundation; and that Bollinger’s work was completed upon construction of the form/frame for the residential foundation.
 

 By these facts admitted and conclusively established, Bollinger has shown that Dan-Cin has no factual support for an essential element of its claim, namely that Dan-Cin can prove that Bollinger failed to perform the work in a satisfactory 17manner. Accordingly, we conclude that the trial court did not err in granting summary judgment in favor of Bollinger.
 

 CONCLUSION
 

 For the foregoing reasons, we affirm the judgment of the trial court granting summary judgment in favor of Charles Bol-linger and dismissing Dan-Cin’s suit against him. All costs of this appeal are assessed against Dan-Cin Construction Company, Inc.
 

 AFFIRMED.
 

 [1]
 

 . Also named as defendants were American Vehicle Insurance Company and Atlantic Casualty Insurance Company.