# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**09-719**

**TROY A. LOPEZ**

**VERSUS**

**GLENN A. THIBODEAUX AND ROBIN PIERCE THIBODEAUX**

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20064712
HONORABLE KRISTIAN EARLES, JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Billy Howard Ezell, J. David Painter, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

S. Stephen Spring, II
733 East Airport Ave., Ste. 104
Baton Rouge, LA  70806
Counsel for Defendants-Appellants:
    Glenn A. Thibodeaux and Robin Pierce Thibodeaux

Charles M. Kreamer, Sr.
P.O. Box 81129
Lafayette, LA  70598
Counsel for Plaintiff-Appellee
    Troy A. Lopez

**PAINTER, Judge.**

Defendants, Glenn and Robin Thibodeaux appeal the rendition of judgment in favor of Plaintiff, Troy A. Lopez, pursuant to a motion for summary judgment. After reviewing the record herein, we affirm.

## FACTS AND PROCEDURAL HISTORY

Gussie Lopez was a client of Glenn Thibodeaux's accounting business. In 2003, Glenn and his wife, Robin, borrowed $350,000.00 at five percent interest from Gussie, signing a promissory note for 120 installment payments of $3,712.29 to her and to her sole heir, Troy A. Lopez, after her death. Defendants further signed an act of pledge of their interest in 100 shares of common stock of Shelly Enterprises, Inc. Gussie having died in the interim, Troy filed a Petition on Promissory Note in September 2006, seeking judgment in his favor and against the Thibodeauxs in the amount of $314,961.41, plus 5% interest from February 21, 2003, and for an attorney's fee of 25% of the principal and interest due. Plaintiff's petition alleged that the Thibodeauxs made sixteen payments, then made no further payments. At same time the petition was filed, Plaintiff propounded a Request for Admission of Facts which was served at the same time as the petition.

Defendants filed an exception of failure to join an indispensable party, an answer, and a reconventional demand alleging defamation and slander. A hearing on the exception was set for December 4, 2006. Defendants moved to continue that motion and was reset for February 21, 2007. Plaintiff moved for a continuance and the hearing was again moved to November 19, 2007. There is no indication of record of a further continuance. However, no hearing on the exception was ever held.

1

In October 2008, Plaintiff filed a Motion to Deem Request for Admission of Facts Admitted, and an order deeming them admitted was signed on October 29, 2008. Plaintiff filed a Motion for Summary Judgment on November 21, 2008, asserting that no question of fact remained as to Defendants' liability for the amount claimed in the original petition and asking for judgment in his favor. The next document of record is Plaintiffs' Memorandum Opposing Motion to Continue Hearing On Plaintiffs' Motion for Summary Judgment dated December 30, 2008.

Also filed December 30, 2008 is a Memorandum in Opposition to Motion to Deem Request for Admission of Facts Admitted which included, without so stating in the caption, an opposition to the motion for summary judgment. It is also argued in the memorandum that the Requests for Admission were improperly served on Defendants rather than on their counsel. On the same day, Defendants filed a Response to the Request for Admission of Facts and a Motion to Reset Hearing on the Motion for Summary Judgment. The Motion to Reset Hearing was denied by the trial court. The record also contains correspondence from counsel for Defendants to counsel for Plaintiff asking for an agreement to reschedule as well as counsel for Plaintiff's response stating that he would not agree to a continuance.

A hearing on the motion to continue was held on January 5, 2009, and counsel for Defendants did not appear. His failure to appear was discussed as follows:

> LAW CLERK: They're the ones that called and said that they wanted to they had filed a Motion to Continue, and that there was no opposition. And I think Phyllis had told them since it wasn't opposed[,] it would be continued but that's - -
>
> THE COURT: You understand what went down? Someone evidently, they called and asked for a continuance saying there was no opposition, and my secretary probably said as long as there's no opposition, that's no problem, and they're not here. You want to - -

MR. KREAMER: Judge, I got a phone call from Judge Keaty's law clerk at the same time that that came in, that request came in. She called me to make sure there was no opposition because his Motion to Continue said and attached my letter saying I did oppose it. She called me to say to see if that in fact was correct. I told her no. We filed an opposition memorandum in opposition to their Motion to Continue. His motion said it wasn't it was unopposed. The law clerk for Judge Keaty caught that, and that's why she called me, and I said, oh, no, we oppose it. So, it was my impression that she was calling someone to tell them it was going to go forward.

The matter was moved to last on the docket, but counsel for Defendants did not appear, and the trial court ruled in favor of Plaintiffs. Defendants appeal.

## DISCUSSION

*Novation*

Several of Defendants' arguments, including the Exception of No Right or Cause of Action filed in this court, turn on an argument that a novation and/or payment occurred in which Gussie Lopez agreed to accept payment of $172,500.00 in fifteen payments of $500.00, ten yearly payments of $10,000.00, and a final payment of $8,750.00 on May 15, 2016. Additionally a policy insuring the life of Glenn Thibodeaux was to be assigned to Gussie and Troy.

"Extinguishment of an obligation in any manner, such as payment or novation, is an affirmative defense and a party asserting such a defense bears the burden of proof. *Beasley v. Martin*, 253 So.2d 801 (La.App.2d Cir.1971)." *Boon v. Boon*, 593 So.2d 1289, 1292 (La.App. 1 Cir. 1991).

> Louisiana Code of Civil Procedure Article 1005 provides that a defendant's answer must affirmatively set forth all affirmative defenses. In *Dixie Savings and Loan Assoc. v. Pitre*, 99-154 (La.App. 5 Cir. 7/27/99), 751 So.2d 911, the Fifth Circuit addressed this exact issue and held that no proof could be offered in connection with the proposed affirmative defense because the defendant failed to specifically plead the affirmative defense at issue.

3

*Royal Cloud Nine, L.L.C. v. Lafayette Ins. Co.*, 08-0034, pp. 5-6 (La.App. 4 Cir. 6/11/08), 987 So.2d 355, 359, *writs denied*, 08-1551 (La. 10/10/08), 993 So.2d 1286, 08-1568 (La. 10/10/08), 993 So.2d 1287.

Since Defendants failed to plead either novation or payment in their Answer to the original Petition, they could not do so afterwards, and their attempt to do so in connection with their Memorandum in Opposition to Motion to Deem Request for Admission of Facts Admitted was untimely. The trial court was correct in not considering the allegations of novation in ruling on Plaintiff's Motion for Summary Judgment. Further, on appeal we cannot accept Defendants' documentary evidence with regard to novation in connection with their peremptory exceptions of no cause or right of action, where the evidence was not admitted at the trial court level.

*Request for Admission of Facts*

Defendants' arguments further turn on their assumption that their answers to Plaintiff's Request for Admission of Facts were timely answered and that those answers should have been considered in opposition to Plaintiff's Motion for Summary Judgment.

At the trial level, Defendants argued that the Requests for Admission had not been properly served on their counsel. However, a review of the record reveals that the requests were properly served on Defendants at the same time as the petition, on September 6, 2006. La.Code Civ.P. art. 1466 provides that:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Articles 1422 through 1425 set forth in the request or of the truth of any relevant matters of fact, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. The request may, without leave of court, be served upon the plaintiff after

commencement of the action and upon any other party with or after service of the petition upon that party.

When served with the petition, a defendant has thirty days to answer or object to the requests for admission. La.Code Civ.P. art 1467. Failure to do so may result in the matters included being deemed admitted:

> Generally, the courts have given full effect to Articles 1467 and 1468 when there has been a total lack of response to requests for admissions. *Prestage v. Clark*, 97-0524, p. 7 (La.App. 1 Cir. 12/28/98), 723 So.2d 1086, 1090, *writ denied*, 99-0234 (La.3/26/99), 739 So.2d 800; *Vardaman v. Baker Center, Inc.*, 96-2611, p. 7 (La.App. 1 Cir. 3/13/98), 711 So.2d 727, 732. The language of Article 1467 is very clear; the matter is admitted unless a written answer or objection is served on the party making the request within the specified time after service of the request. *Prestage*, 97-0524 at p. 7, 723 So.2d at 1090; *Vardaman*, 96-2611 at p. 9, 711 So.2d at 732-33. However, Article 1467 is not a trap set for the litigant; it provides many options for the party on whom the request is served. For example, if the party cannot answer within the specified time, the court may allow additional time. See LSA-C.C.P. art. 1467; *Prestage*, 97-0524 at pp. 7-8, 723 So.2d at 1090. Additionally, a party against whom a fact has been deemed admitted has the opportunity to seek to have the fact withdrawn or amended. *See* LSA-C.C.P. art. 1468; *Vardaman*, 96-2611 at p. 9, 711 So.2d at 733. However, if a party fails to take any steps available to it, the fact is admitted and, according to Article 1468, is conclusively established. *Vardaman*, 96-2611 at p. 9, 711 So.2d at 733.

*Dan-Cin Constr. Co., Inc. v. Thrasher*, 08-1552, p. 5 (La.App. 1 Cir. 2/13/09), 9 So.3d 205, 208.

The determination of whether a withdrawal or amendment should be allowed is within the discretion of the trial court. La.Code Civ.P. art. 1468.

In this case, Defendants had not responded to the Requests for Admissions more than two years after service. On October 28, 2008, the trial court granted a request to have the requests for admissions deemed admitted. On December 30, 2008, Defendants filed a Motion in Opposition to Motion to Deem Request for Admission of Facts Admitted and filed a response to the Request for Admissions.

5

Defendants did not take the steps set out in the Code of Civil Procedure to prevent the facts being deemed admitted, and even if we take the belated Motion in Opposition and answers as such steps, we find no abuse of the trial court's discretion in its refusal to withdraw the order deeming the facts admitted.

*Summary Judgment*

Defendants assert that the trial court erred in granting the Summary Judgment, arguing that the affidavit of Glenn Thibodeaux and their response to the Request for Admission of Facts raise a material issue of fact. However, as we have noted above, the defense of novation not having been pled in the Answer to the Petition herein, the matter was not properly before the court, and the trial court did not err in failing to consider the defense of novation in connection with the Motion for Summary Judgment.

Additionally, the Requests for Admission not having been answered for over two years and judgment having been rendered deeming the facts admitted, the trial court properly considered the facts set forth in the Request to be proven, as follows: request:

> 1. Both Glenn A. Thibodeaux and Robin Pierce Thibodeaux executed the promissory note for $350,000.00 plus interest at the rate of 5% per annum, together with 25% as attorney's fee, on February 21, 2003, and made payable in 120 installments of 53,712.29 each, made payable to Gussie Whittington [Lopez] and Troy A. Lopez after her death.
>
> 2. The note was not paid as agreed and there remains a balance due of $314,961.41, together with interest and attorney's fee.
>
> 3. The note was secured by a pledge of common stock certificate number 2 representing 100 shares in Shelly Enterprises, Inc.
>
> 4. You still own common stock certificate number 2 in Shelly Enterprises.

Given these facts, there is no question of fact remaining, and Plaintiffs are entitled to judgment as a matter of law. Accordingly, the Summary Judgment was properly granted.

*Exception of Failure to Join Indispensable Party*

Defendants further assert that the trial court erred in failing to rule on and/or grant their Peremptory Exception of Failure to Join an Indispensable Party. Defendants argue that Shelly Enterprises was an indispensable party because Gussie accepted stock in Shelly Enterprises in satisfaction or partial satisfaction of the debt. However, no evidence of her acceptance of the stock was filed in the lower court and no such evidence could have been accepted since the affirmative defenses of payment and/or novation were not pled. Accordingly, we cannot say that the trial court erred in failing to grant the Exception of Failure to Join an Indispensable Party.

*Exception of No Cause and No Right of Action*

Defendants filed Exceptions of No Right and No Cause of Action in this court for the first time on appeal.

La.Code Civ.P. art. 2163 (emphasis added) provides that:

> The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and *if proof of the ground of the exception appears of record*.

> If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception.

Defendants are again asserting novation and/or payment as grounds for the exceptions. Defendants attempt to introduce evidence by attaching it to the exception. However, this court may not consider evidence not made part of the record on appeal. Therefore, the exceptions are denied.

7

*Continuance*

In their reply brief, Defendants assert that the trial court erred in not granting the Motion for Continuance filed December 29, 2007, asking for a continuance of the hearing scheduled January 5, 2008.

We first note that Defendants did not assign as error the failure to grant the continuance. However, we will address the issue out of an abundance of caution and in the interest of judicial economy.

Defendants cite La.Code Civ.P. art 966(B) for the proposition that Glenn Thibodeaux's surgery shortly prior to the hearing on the Motion for Summary Judgment constituted good cause requiring that they be given extra time to respond. La.Code Civ.P. art 966(B) provides as follows:

> The motion for summary judgment and supporting affidavits shall be served at least fifteen days before the time specified for the hearing. For good cause, the court shall give the adverse party additional time to file a response, including opposing affidavits or depositions. The adverse party may serve opposing affidavits, and if such opposing affidavits are served, the opposing affidavits and any memorandum in support thereof shall be served pursuant to Article 1313 at least eight days prior to the date of the hearing unless the Rules for Louisiana District Courts provide to the contrary. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.

However, Glenn's affidavit was attached to the opposition to the motion. We note that "[t]estimony should neither be received nor considered, even with consent of counsel, to decide motion for summary judgment." *Rapp v. City of New Orleans*, 95-1638, p. 2 (La.App. 4 Cir. 9/18/96), 681 So.2d 433, *writ denied*, 96-2925 (La. 1/24/97), 686 So.2d 868. Therefore, even had he been able to attend a hearing, his testimony could not have been elicited. Moreover, Defendants have not explained

8

what further evidence they expected to develop with the additional time and have, thus, failed to show that they were prejudiced by the failure to grant further time. Accordingly, the trial court did not abuse its discretion in failing to grant the continuance.

## CONCLUSION

For these reasons, we affirm the trial court's judgment in favor of Plaintiff, Troy A. Lopez. Cost of this appeal are assessed to Defendants, Glenn and Robin Thibodeaux.

**AFFIRMED.**