STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0611

WILLIAM DUCKWORTH AND DONNIE KAGLEAR

VERSUS

SUSAN CUROLE

Judgment Rendered: **APR 1 9 2024**

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 717360

Honorable Trudy M. White, Judge Presiding

* * * * *

<table>
<tr><td>Cullen R. Clement<br>Joseph C. Possa<br>Baton Rouge, LA</td><td>Attorneys for Plaintiffs-Appellees,<br>William Duckworth and<br>Donnie Kaglear</td></tr>
<tr><td>L. Richard Roy, III<br>Baton Rouge, LA</td><td>Attorney for Defendant-Appellant,<br>Susan Curole</td></tr>
</table>

* * * * *

BEFORE: McCLENDON, HESTER, AND MILLER, JJ.

McClendon, J. concurs.

**HESTER, J**

In this matter, a dog owner appeals the trial court judgment granting partial summary judgment, which found her strictly liable to the plaintiffs for any damages caused by her dog during a July 14, 2021 incident. The trial court also granted plaintiffs' motion to deem responses admitted, denied defendant's motion to withdraw deemed responses admitted, and denied defendant's motion to continue. For the following reasons, we affirm in part and reverse in part.

## FACTS AND PROCEDURAL HISTORY

On March 31, 2022, William Duckworth and Donnie Kaglear ("Plaintiffs") filed a "Petition for Damages" naming Susan Curole as the defendant. According to their petition, on or about July 14, 2021, Mr. Duckworth was walking two Boston Terriers he co-owned with Mr. Kaglear when suddenly and without warning or provocation, he and his dogs were attacked by a brown Boxer owned by Ms. Curole, and Mr. Duckworth and his dogs sustained injuries. Plaintiffs contend that Ms. Curole could have prevented the unprovoked attack by her dog and is therefore strictly liable for all damages occasioned by the attack under La. Civ. Code art. 2321. Plaintiffs attached to their petition requests for admissions, interrogatories, and requests for production of documents. On May 9, 2022, Ms. Curole answered the petition, contending that if any injuries existed, the injuries were caused by the provocation of Plaintiffs "screaming and hollering" at Ms. Curole's dog.

On October 4, 2022, Plaintiffs filed a "Motion for Partial Summary Judgment on Liability and Motion to Deem Responses Admitted" seeking, a judgment finding Ms. Curole solely and strictly liable for the damages sustained by Plaintiffs in connection with the July 14, 2021 dog attack. Plaintiffs also requested that the trial court deem their requests for admissions admitted because Ms. Curole did not timely respond. Plaintiffs' motions were set for a hearing on December 5, 2022.

2

On December 2, 2022, Ms. Curole filed "Defendant's Motion to Continue Plaintiffs' Motion for Partial Summary Judgment on Liability and Plaintiffs' Motion to Deem Responses Admitted." Ms. Curole requested a continuance because her counsel had been undergoing active oncology treatment since July 21, 2022, underwent a related surgery on November 23, 2022, and had been physically unable to draft, finalize, and file his opposition motions. Concurrently with her motion to continue, Ms. Curole filed "Defendant's Motion to Withdraw Plaintiffs' Motion to Deem Responses Admitted" and attached responses to Plaintiffs' requests for admissions. Ms. Curole did not file a response to the motion for summary judgment.

A hearing on all motions was held on December 5, 2022. On January 13, 2023, the trial court signed a judgment granting Plaintiffs' motion for partial summary judgment, deeming "that [Ms. Curole] is solely and strictly liable for her unleashed and unsupervised dog and for the damages sustained to the [P]laintiffs in connection with the July 14, 2021 dog attack"; granting Plaintiffs' motion to deem responses admitted; denying Ms. Curole's motion to withdraw deemed responses admitted; and denying Ms. Curole's motion to continue.[1] Thereafter, pursuant to Ms. Curole's request, on January 17, 2023, the trial court provided "Written Reasons for Judgment Relative to Plaintiffs' *Motion for Partial Summary Judgment on Liability and Motion to Deem Requests Admitted.*" It is from the January 13, 2023 judgment that Ms. Curole appeals, contending that the trial court erred in finding Plaintiffs' requests for admissions deemed admitted, in not considering and denying Ms. Curole's request for a continuance, and in granting Plaintiffs' motion for partial summary judgment.

## LAW AND ANALYSIS

*Denial of the Motion to Continue*

---

[1] The trial court designated the judgment as final pursuant to La. Code Civ. P. art. 1915(B)(1) finding no just reason for delay. We find no abuse of discretion in the trial court's designation.

Ms. Curole contends that the trial court erred in not considering and in denying her request for a continuance. Under La. Code Civ. P. art. 966(B)(2) any opposition to a motion for summary judgment and all documents in support of the opposition shall be filed and served in accordance with Article 1313 not less than fifteen days prior to the hearing on the motion. For good cause shown, the court may order a continuance of the hearing. La. Code Civ. P. art. 966(C)(2). A trial court has broad discretion in the control of its docket, case management, and the determination of whether a continuance should be granted. An appellate court will not disturb such a ruling unless there is a clear showing the trial court abused its discretion. **Rover Group, Inc. v. Clark**, 2021-1365 (La. App. 1st Cir. 4/8/22), 341 So.3d 842, 846, writ denied, 2022-00766 (La. 9/20/22), 346 So.3d 287. Ms. Curole's counsel requested a continuance on behalf of Ms. Curole based on his active ongoing oncology treatments and a November 23, 2022 surgery that caused him to be physically unable to timely draft the responses. Although Plaintiffs' motions for partial summary judgment and to deem responses admitted was filed on October 4, 2022, Ms. Curole's request for continuance was not filed until the afternoon of Friday, December 2, 2022, before the Monday, December 5, 2022 hearing. At the hearing, Plaintiffs pointed out that the motion for continuance was the first time they were made aware of Ms. Curole's counsel's health issues. While we are certainly sympathetic to the health challenges of Ms. Curole's counsel, under the circumstances in this case, we cannot say that the trial court abused its discretion in refusing to continue the hearing on Plaintiffs' motion for partial summary judgment and motion to deem responses admitted.

*Withdrawal of Admissions*

Ms. Curole asserts that the trial court erred in finding Plaintiffs' requests for admissions deemed admitted. A party may serve upon any other party a written request for the admission of the truth of any relevant matters of fact. La. Code Civ.

4

P. art. 1466. Generally, the matter is deemed admitted if the party to whom the request is directed does not respond within thirty days after service of the request. La. Code Civ. P. art. 1467(A). Any matter deemed admitted pursuant to La. Code Civ. P. art. 1467 is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission. La. Code Civ. P. art. 1468. The court may permit withdrawal of an admission when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal of the admission will prejudice him in maintaining his action or defense on the merits. La. Code Civ. P. art. 1468; **Hall v. Our Lady of the Lake R.M.C.**, 2006-1425 (La. App. 1st Cir. 6/20/07), 968 So.2d 179, 183. Further, Louisiana courts have allowed late-filed denials to requests for admissions to constitute requests for withdrawal of those admissions, even if the responses were extremely late and were not presented to the court by a motion to withdraw or amend the admissions. See **Mason v. Thompson**, 2023-0730 (La. App. 1st Cir. 2/1/24) 2024 WL 446043, *3 (unpublished), citing **Hall**, 968 So. 3d at 183 and **Apache Corp. v. Talen's Marine & Fuel, LLC**, 2017-0714 (La. App. 1st Cir. 2/7/18), 242 So. 3d 619, 622-23. It is within the trial court's discretion to determine whether to allow the withdrawal of the admission. **Prestage v. Clark**, 97-0524 (La. App. 1st Cir. 12/28/98), 723 So.2d 1086, 1091, writ denied sub nom., **Prestige v. Clark**, 99-0234 (La. 3/26/99), 739 So.2d 800. Admissions may be used to establish a controversial issue constituting the crux of the matter in litigation. **Vardaman v. Baker Center, Inc.**, 96-2611 (La. App. 1st Cir. 3/13/98), 711 So.2d 727, 731.

In its written reasons, the trial court provided a timeline of the litigation as established in the record. The timeline stated that on March 31, 2022, Plaintiffs filed requests for admissions with their petition, which were served on Ms. Curole on April 5, 2022. Having received no reply, Plaintiffs sent correspondence requesting an update on June 28, 2022. On August 18, 2022, a 10.1 Conference was held where

5

Plaintiffs' counsel agreed to follow up on August 22, 2022, to determine how much time Ms. Curole's counsel needed to respond to discovery.[2] On August 23, 2022, Plaintiffs' counsel sent correspondence regarding the August 18, 2022 agreement, giving Ms. Curole's counsel three weeks to respond. After three weeks passed without a response from Ms. Curole's counsel, Plaintiffs filed their motion for partial summary judgment on October 4, 2022. Plaintiffs' motion was set for a hearing on Monday, December 5, 2022. The order setting the matter for hearing and requesting service on Ms. Curole through her attorney of record was issued on October 4, 2022. On Friday, December 2, 2022, Ms. Curole filed a motion to continue and a motion to withdraw the requests for admissions.

Although Ms. Curole's counsel revealed to Plaintiffs for the first time his health issues in the motion for continuance, he did not explain why he did not provide any response to the requests for admissions or seek to have the admissions withdrawn until the Friday afternoon before the Monday summary judgment hearing. Given the dilatory manner in which Ms. Curole responded to Plaintiffs' requests for admissions, eight months after they were propounded, three months after the 10.1 Conference, and only two days before the hearing on the motion for summary judgment, we find no abuse of discretion by the trial court under La. Code Civ. P. art. 1468 in disallowing withdrawal of the admissions. Consequently, the requests for admissions were properly deemed admitted.

## Summary Judgment

Ms. Curole contends that the trial court erred in granting Plaintiffs' motion for partial summary judgment. A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. **Beer Industry League of Louisiana v. City of New Orleans,**

---

[2] The trial court's written reasons inadvertently refer to the 10.1 Conference date as August 18, 2021.

2018-0280 (La. 6/27/18), 251 So.3d 380, 385-86. See La. Code Civ. P. art. 966. A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.*, whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. **Beer Industry League,** 251 So.3d at 386.

The burden of proof rests with the mover. La. Code Civ. P. art. 966(D)(1). If the mover will bear the burden of proof at trial, the mover has the burden of showing that no genuine issue of material fact remains. Only when the mover makes this showing does the burden shift to the opposing party to present evidence demonstrating a material factual issue remains. **Action Oilfield Services, Inc. v. Energy Management Company,** 2018-1146 (La. App. 1st Cir. 4/17/19), 276 So.3d 538, 541-42.

Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can only be seen in light of the substantive law applicable to the case. **Pumphrey v. Harris,** 2012-0405 (La. App. 1st Cir. 11/2/12), 111 So.3d 86, 89. Louisiana Civil Code art. 2321 governing liability for damages caused by animals provides:

> The owner of an animal is answerable for the damage caused by the animal. However, he is answerable for the damage only upon a showing that he knew or, in the exercise of reasonable care, should have known that his animal's behavior would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. **Nonetheless, the owner of a dog is strictly liable for damages for injuries to persons or property caused by the dog and which the owner could have prevented and which did not result from the injured person's provocation of the dog.** Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case. (Emphasis added.)

Plaintiffs, as movers on the partial motion for summary judgment who will bear the burden of proof at trial, had the burden of showing that there was no genuine

7

issue of material fact that any injuries caused by the dog could have been prevented by the owner and that the injuries did not result from the injured person's provocation of the dog. See La. Code Civ. P. art. 966(D)(1); La. Civ. Code art. 2321.

Plaintiffs listed the exhibits offered in support of their motion for summary judgment in their memorandum as Exhibit A, a file-stamped copy of the requests for admissions; Exhibit B, the affidavit of Mr. Kaglear; Exhibit C, the affidavit of Mr. Duckworth; Exhibit D, the rule 10.1 certificate, stating Plaintiffs' efforts to obtain discovery with their correspondence documenting their efforts attached; and Exhibit E, the return copy showing personal service of the petition and discovery on Ms. Curole. However, although Exhibit A, the requests for admissions, and Exhibit E, the service return, were listed in the memorandum, the documents were not attached to the motion for summary judgment.

Article 966, which governs motions for summary judgment, was recently amended by 2023 La. Acts. No. 317, § 1, effective August 1, 2023. This court has determined that the 2023 amendments to Article 966, which expanded the exclusive list of documents that are considered competent evidence in support of or in opposition to a motion for summary judgment and changed the duties of parties in supporting and opposing motions for summary judgment, are substantive and therefore cannot be applied retroactively. See **Ricketson v. McKenzie**, 2023-0314 (La. App. 1st Cir. 10/4/23), ___ So.3d ___, ___ 2023 WL 7037495 *4; see also La. Civ. Code art. 6 ("In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary."). Accordingly, we must apply the version of Article 966 in effect at the time of December 5, 2022 hearing on the parties' motions for summary judgment to the matter before us.

Prior to the 2023 amendments, the trial court could only consider those documents filed in support of or in opposition to the motion for summary judgment.[3] La. Code Civ. P. art. 966(D)(2). The mover's supporting documents must prove the essential facts necessary to carry the mover's burden. **Troncoso v. Point Carr Homeowners Ass'n**, 2022-0530 (La. App. 1st Cir. 1/10/23), 360 So.3d 901, 914-15.

Since the requests for admissions and service return were not attached to Plaintiffs' motion for summary judgment, we cannot consider those documents when deciding the motion for summary judgment. We can only consider the documents attached to the motion for summary judgment, which are Mr. Kaglear's affidavit, Mr. Duckworth's affidavit, and the rule 10.1 certificate.

Mr. Duckworth, in his affidavit, said that he was in the front yard with his two Boston Terriers, who were leashed, and the Boxer attacked them. He stated that he "yelled and screamed" for his spouse "to help [him] wrestle the dog off of ours." Mr. Kaglear, in his affidavit, said the dog was in their yard when he heard his husband "yell for [him,]" and when he came out, he saw the large dog in their front yard. He stated that the dog attacked their two smaller dogs, and he had to jump in to separate the big dog from their dogs.

As noted, to prove strict liability of a dog owner on summary judgment, Plaintiffs must show that any damages did not result from the injured person's provocation of the dog. Our review reveals that the affidavits of Plaintiffs alone do not establish that Plaintiffs did not provoke the dog, which is an essential element necessary to prevail on their claim of strict liability. Therefore, a genuine issue of material fact remains. Accordingly, since Plaintiffs did not establish that Ms. Curole

---

[3] Following the 2023 amendments, La. Code Civ. P. art. 966(D)(2) now allows the court to consider documents filed <u>or referenced</u> in support of or in opposition to the motion for summary judgment.

was strictly liable for any damages caused by her dog, the burden never shifted to Ms. Curole, and summary judgment is not appropriate.

## CONCLUSION

For the foregoing reasons, the portions of the January 13, 2023 judgment granting Plaintiffs' motion to deem responses admitted; denying Ms. Curole's motion to withdraw deemed responses admitted; and denying Ms. Curole's motion to continue, are affirmed. The portion of the January 13, 2023 judgment granting a partial summary judgment, finding Ms. Curole strictly liable for any damages caused by her dog in the July 14, 2021 incident is reversed. All cost of the appeal shall be allocated as follows: fifty percent to plaintiffs-appellees, William Duckworth and Donnie Kaglear, and fifty percent to defendant-appellant, Susan Curole.

**AFFIRMED IN PART AND REVERSED IN PART.**