728 So.2d 1031 (1999)
Jeffrey Lane SHOEMAKER, Plaintiff-Appellant,
v.
CITY OF SHREVEPORT, EMERGENCY MEDICAL SERVICES, Defendant-Appellee.
No. 31,692-CA.
Court of Appeal of Louisiana, Second Circuit.
February 24, 1999.
Rehearing Denied March 25, 1999.
Joey W. Hendrix, Shreveport, Counsel for Appellant.
Lunn, Irion, Johnson, Salley & Carlisle by James B. Gardner, Shreveport, Counsel for Appellee.
Before BROWN, CARAWAY and DREW, JJ.
*1032 DREW, J.
Jeffrey Lane Shoemaker appeals a judgment granting summary judgment and the peremptory exception of no right of action in favor of the City of Shreveport.
We affirm.

FACTS
In the early morning hours of January 1, 1997, Jeffrey Shoemaker was injured when he was hit over the head with a pool cue at Shooter's Saloon in Shreveport. Emergency Medical Services ("EMS") paramedics found Shoemaker lying on the floor. According to the EMS report, Shoemaker had a large hematoma to his left eye and swelling to his upper lip with some bleeding. Shoemaker was taken by ambulance to Schumpert Medical Center.
Shoemaker, individually and on behalf of his minor son, filed suit against the City of Shreveport Emergency Medical Services on December 11, 1997. Alleging fault, negligence and gross negligence, Shoemaker contends that the failure of EMS to transport him to the LSU Medical Center caused an unnecessary and unreasonable delay in appropriate medical care resulting in an increase in the severity of his brain damage. Shoemaker also alleges that Shreveport failed to properly and adequately train the paramedics in the proper evaluation and treatment of a closed head injury. He further alleges that the paramedics took him to a hospital ill-equipped to treat his injuries instead of to the designated trauma center.
On May 12, 1998, Shreveport filed the peremptory exception of no right of action, and in the alternative, a motion for summary judgment, contending that its emergency medical technicians are immune from liability for ordinary fault and negligence pursuant to La. R.S. 40:1235.[1] Shreveport supported its exception and motion for summary judgment with affidavits from Mike Cook and Darin Evans, the two paramedics who assessed Shoemaker's condition and transported him to Schumpert, and Dr. Ronald Lambert, the Medical Director of the EMS Department of the Shreveport Fire Department who developed the policy used by Cook and Evans to determine where to transport Shoemaker. Shreveport asserted that as a matter of law the actions of Cook and Evans did not rise to the level of an intentional tort or gross negligence.
A hearing on the motion for summary judgment and exception of no right of action was set for June 15, 1998. The court minutes reflect that on that date the trial court ordered the motion and exception submitted on briefs. Shoemaker filed his opposition to the motion and exception four days later on June 19, 1998. A memorandum was attached to his opposition. No affidavits, depositions or other documents were submitted by Shoemaker in opposition to the motion and exception.
The trial court rendered judgment on June 19, 1998, granting the exception of no right of action, and alternatively, the motion for summary judgment. On September 17, 1998, Shoemaker filed with this court a motion to supplement the record and a motion to remand regarding his failure to attach documents to his opposition. Both motions were denied by this court.

DISCUSSION
We review summary judgments de novo under the same criteria which govern the trial court's determination of whether summary judgment is appropriate. Anderson v. Allstate Ins. Co., 29,847 (La.App.2d Cir.9/24/97), 699 So.2d 1160.
Summary judgment is designed to secure the just, speedy and inexpensive determination of every action allowed by law. NAB Natural Resources, L.L.C. v. Willamette Industries, Inc., 28,555 (La.App.2d Cir.8/21/96), 679 So.2d 477. Summary judgments are governed by La. C.C.P. art. 966. A motion for summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that *1033 the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
Article 966 was amended in 1996 to remove the overriding presumption in favor of trial on the merits and to require equal scrutiny of the supporting documents submitted by the parties. Hayes v. Autin, 96-287 (La. App. 3d Cir.12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41. In 1997, Article 966 was again amended for the purpose of clarifying the 1996 changes and legislatively overruling all cases inconsistent with Hayes v. Autin, supra. See 1997 La. Acts 483, § 4.
Article 966(C)(2) now reads:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
Rules governing summary judgments are also found in La. C.C.P. art. 967, which reads, in part:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him....
Shreveport submitted the affidavit of Mike Cook in support of summary judgment. Cook, one of the paramedics who responded to the call at Shooter's on January 1, 1997, based his affidavit on the EMS report and his own recollection of events. Cook performed a paramedic assessment of Shoemaker, whose pulse and respiration were normal, but who had a slightly elevated blood pressure consistent with the trauma. The pupil in Shoemaker's right eye, his only eye with sight, was normal. Shoemaker appeared to Cook to have suffered a soft tissue injury with hematoma on the head and face in the area of his blind left eye. Shoemaker's reflexes, both motor and sensory, were normal in all four extremities. Gross examination did not reveal any depression or skull fracture that could be diagnosed with the naked eye. Shoemaker, who was very confused, scored a 14 out of a maximum 15 on the Glasgow Coma Scale. Based on these observations, Cook knew that Shoemaker did not meet the major trauma criteria identified in the Emergency Transport Policy requiring him to take Shoemaker to the trauma center at the LSU Medical Center.
Cook stated that when Shoemaker and his companion were asked which hospital they preferred Shoemaker be brought to, his companion instructed the paramedics to take Shoemaker to Schumpert, which was done as rapidly as possible with flashing lights and siren. Shoemaker was unable to sign the authorization portion of the EMS report due to his confusion and the appearance of possible effects of alcohol. The EMS report is attached to Cook's affidavit.
Darin Evans recites essentially identical information in his affidavit. Evans performed a paramedic assessment of Shoemaker and concluded that Shoemaker did not meet the major trauma criteria in the Emergency Transport Policy requiring the transport of Shoemaker to the trauma center at LSU Medical Center. The EMS report, *1034 signed by Evans, is attached to Evans's affidavit.
The third affidavit submitted by Shreveport is from Dr. Ronald Lambert, the Medical Director of the EMS Department of the Shreveport Fire Department. Dr. Lambert was responsible for the development of the fire department's Advanced Life Support Protocols and the Standard Operating Procedure in effect on January 1, 1997, including the Emergency Transport Policy. The Emergency Transport Policy and the EMS report are attached to his affidavit. Dr. Lambert stated he reviewed the EMS report, and the information in the report shows that Shoemaker did not qualify under any of the six enumerated criteria for major trauma set forth in the Emergency Transport Policy mandating the transport of Shoemaker to LSU. Dr. Lambert asserted it was appropriate for the paramedics to take Shoemaker to Schumpert.
Dr. Lambert stated he also reviewed the Schumpert medical records for the treatment of Shoemaker on January 1 and 2, 1997, which apparently show that a skull fracture was diagnosed by CT scan at 4:14 a.m. on January 1, 1997 at Schumpert. Dr. Lambert concluded that the full extent of Shoemaker's head injury, would not have been readily apparent upon gross examination by the paramedics, and that their assessment would have been complicated by Shoemaker's intoxication. A lab report from Schumpert which documents Shoemaker's blood alcohol level is also attached to Dr. Lambert's affidavit. In Dr. Lambert's opinion, the response by Cook and Evans to Shoemaker's injuries was appropriate and in accordance with the standard of care for emergency non-physician personnel with the training and expertise of paramedics and first responders.
We note serious technical defects in Dr. Lambert's affidavit for purposes of summary judgment. Although Dr. Lambert referred to Schumpert medical records in his affidavit, only one page of medical records, the Schumpert blood analysis report, is actually attached to his affidavit. La. C.C.P. art. 967 requires that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Shreveport obviously did not comply with this provision when submitting Dr. Lambert's affidavit in support of its motion as the only medical record attached is the blood analysis report. See Powers v. Tucker, 29,190 (La.App.2d Cir.2/26/97), 690 So.2d 922, where the failure to attach medical records referred to in an affidavit was a deficiency precluding consideration of the affidavit. We additionally note that the one-page lab report attached is not certified pursuant to La. R.S. 13:3714. Nonetheless, we do not disregard Dr. Lambert's affidavit in its entirety, but only that part of his affidavit in which he referred to the Schumpert medical records. Compare McCoy v. Physicians & Surgeons Hosp., Inc., 452 So.2d 308 (La. App. 2d Cir.1984), writ denied, 457 So.2d 1194 (La.1984), where this court stated that the "portion of an affidavit or deposition not based on personal knowledge should not be considered in deciding a motion for summary judgment." Our emphasis.
Even without considering that portion of Dr. Lambert's affidavit referring to the Schumpert records, the remainder of his affidavit and the affidavits of Cook and Evans were sufficient to carry Shreveport's burden as the moving party. Shreveport successfully pointed out to the court the absence of factual support not only for Shoemaker's claim that Shreveport failed to properly train the paramedics, but also for Shoemaker's claim that the paramedics should have transported him to the LSU Medical Center instead of Schumpert. In response, Shoemaker failed to produce factual support sufficient to establish that he would be able to satisfy his evidentiary burden of proof at trial. His opposition included only arguments, not factual support. No documents setting forth specific facts, whether affidavits, depositions, answers to interrogatories or otherwise, were submitted with Shoemaker's opposition to the peremptory exception and summary judgment.

CONCLUSION
Shoemaker failed to produce factual support sufficient to establish that he would be able to satisfy his evidentiary burden of proof at trial. Accordingly, summary judgment *1035 was properly granted. Because we conclude that the trial court properly granted summary judgment, it is unnecessary for this court to address that portion of the judgment granting Shreveport's exception of no right of action.

DECREE
At appellant's costs, the judgment is AFFIRMED.

APPLICATION FOR REHEARING
Before NORRIS, C.J., BROWN, GASKINS, CARAWAY and DREW, JJ.
Rehearing Denied.
NOTES
[1] La. R.S. 40:1235 was amended by 1997 La. Acts 913, § 2. Civil immunity for emergency medical personnel now appears in La. R.S. 40:1233.