**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**16-841**


KIM A. GUILLORY

VERSUS

CHRISTUS HEALTH CENTRAL LOUISIANA, ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 226,541
HONORABLE THOMAS M. YEAGER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Phyllis M. Keaty, and John E. Conery, Judges.


**AFFIRMED.**


Conery, J., dissents and assigns reasons.

Steven W. Harris
Rebecca Boyett
Harris Law Firm
P. O. Box 13701
Alexandria, LA 71315-3701
(318) 487-1978
COUNSEL FOR PLAINTIFF/APPELLEE:
    Kim A. Guillory

Philip G. Hunter
Hunter & Beck
P. O. Box 11710
Alexandria, LA 71315-1710
(318) 487-1997
COUNSEL FOR PLAINTIFF/APPELLEE:
    Kim A. Guillory

Brandon A. Sues
Sarah Spruill Couvillon
Gold, Weems, Bruser, Sues & Rundell
P. O. Box 6118
Alexandria, LA 71307-6118
(318) 445-6471
COUNSEL FOR DEFENDANT/APPELLANT:
    Christus Health Central Louisiana

Judith M. Williams
Attorney at Law
4501 Jackson Street, C-324
Alexandria, LA 71302
(318) 704-6093
COUNSEL FOR DEFENDANT/APPELLEE:
    Estate of George Washington Thompson

**SAUNDERS, Judge.**

This appeal arises from a slip and fall case where Plaintiff fell on Defendant's premises. Plaintiff pursued a suit against Defendant and was granted Partial Summary Judgment regarding Defendant's liability based on Defendant's Admissions. Defendant had previously filed a Motion to Withdraw and Amend these admissions but its motion was denied. It is from this denial and the granting of Plaintiff's Motion for Partial Summary Judgment that Defendant appeals.

## FACTS AND PROCEDURAL HISTORY:

On January 9, 2006, Kim A. Guillory, hereinafter "Plaintiff," was injured after he slipped and fell on a ramp on CHRISTUS Health Central Louisiana's premises, hereinafter "Defendant," at CHRISTUS St. Frances Cabrini Hospital. Plaintiff was walking on the sloped ramp of the sky bridge when he slipped and fell.

On December 20, 2006, Plaintiff filed a Petition for Damages. Thereafter, Plaintiff submitted Requests for Admissions of Fact to Defendant with an incorrect accident date. Subsequently, Plaintiff filed a First Supplemental and Amended Petition for Damage on or about January 21, 2013, amending the original Petition with the correct date of the accident, January 9, 2006.

On June 13, 2012, in their Responses to Plaintiff's First Set of Requests for Admissions, Defendant admitted that Plaintiff fell in water at Cabrini Hospital, that the source of the water was under its control, and that the water was a result of mopping the ramp area. Video footage revealed a custodian employed by Defendant mopping the ramp and removing the warning signs upon completion of the mopping minutes prior to Plaintiff's fall.

During the course of discovery, Defendant answered the First Set of Interrogatories, Requests for Production of Documents and Requests for

Admission on June 13, 2012, August 13, 2012, and September 28, 2012. Plaintiff made four requests over the course of the discovery phase to Defendant to supplement their discovery requests, specifically on September 12, 2012, and January 21, 2013, to Jeremy Cedars, the prior counsel of record, and again on April 24, 2013, and June 30, 2015, to Brandon Sues, the current counsel of record.

Based on the timeline before the court, nearly three years passed from the time the Defendant answered Plaintiff's First Set of Requests for Admissions to when Defendant attempting to amend its responses to those requests. Moreover, over nine years passed from the time of the accident and Defendant's attempt to amend its responses.

Next, Plaintiff filed a Motion for Summary Judgment and Motion in Liminie to exclude Defendant's expert. On April 14, 2016, Defendant served Plaintiff with Amended Answers to Discovery with different responses and admissions than those previously submitted on June 13, 2012, August 13, 2012, and September 28, 2012. Defendant attempted to amend its prior responses to Requests for Admissions on April 15, 2016. Defendant also filed an Opposition to Plaintiff's Motion for Partial Summary Judgment. Defendant filed a Motion to Withdraw and Amend on April 28, 2016.

On May 13, 2016, a hearing was held on Defendant's Motion to Amend its prior Responses to Requests for Admissions. The trial court denied this motion. Next, the trial court held a hearing on Plaintiff's Motion for Partial Summary Judgment, which was subsequently granted.

After Plaintiff filed a Motion for New Trial, Defendant filed writ applications with this court asserting assignments of error for both the trial court's granting of Plaintiff's Motion for Partial Summary Judgment as well as the denial

of Defendant's Motion for Court Approval to Permit Withdrawal to Amend Prior Responses and Requests for Admissions. This court denied both writ applications.

On August 8, 2016, a hearing was held on Plaintiff's Motion for New Trial on the Motion for Partial Summary Judgment, which was denied and an order signed on August 22, 2016. Defendant filed a Motion for Devolutive and/or Suspensive Appeal on September 1, 2016, which was granted on September 6, 2016. Defendant asserts the following four assignments of error.

## ASSIGNMENTS OF ERROR:

1. The Trial Court abused its discretion in denying Cabrini Hospital's Motion for Court Approval to Permit Defendant to Withdraw and Amend Responses to Plaintiff's First Set of Requests for Admissions where the admissions were clearly incorrect when made, are no longer true based on new evidence, and where no evidence of any prejudice to the plaintiff was presented.

2. The Trial Court committed legal error in granting the Plaintiff's Motion for Partial Summary Judgment where clear genuine issues of material fact exist.

3. The Trial Court committed legal error in granting Plaintiff's Motion for Partial Summary Judgment because it did not dispose of all issues of liability, i.e., plaintiff's comparative fault.

4. The Trial Court committed legal error in granting Plaintiff's Motion for Partial Summary Judgment by relying solely on defendant's prior incorrect Responses to Requests for Admissions and Unverified Interrogatory Answers and failing to consider Defendant's Verified Supplemental and Amending Interrogatory Answers and expert opinion.

## DISCUSSION OF THE MERITS:

*Assignment of Error No. One:*

In its first assignment of error, Defendant asserts that the trial court abused its discretion in denying Defendant's Motion to Withdraw and Amend Responses to Plaintiff's Requests for Admissions. Defendant contends that its previous admissions were clearly contrary to the record. Additionally, Defendant contends that the previous admissions are no longer true based on the expert report of Defendant's liability expert and the incorrect accident date in Plaintiff's original petition. Defendant further contends that Plaintiff has shown no evidence of prejudice if it had been allowed to amend its admissions. We find no merit in these assertions and no evidence of reversible error.

"The trial court has great discretion in determining whether to allow amendment to pleadings. Thus, a trial court's ruling on this issue will not be reversed absent an abuse of that discretion." *Koonce v. St. Paul Fire & Marine Ins. Co.*, 15-31, p. 12 (La.App. 3 Cir. 8/5/15), 172 So.3d 1101, 1109, (9/23/15), *writ denied*, 15-1950 (La. 11/30/15), 184 So.3d 36. Louisiana Code of Civil Procedure Article 1468 states, in pertinent part:

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Article 1551 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.

A withdrawal of an admission is within the discretion of the trial court. *Lopez v. Thibodeaux*, 09-719 (La.App. 3 Cir. 2/3/10), 28 So.3d 1215. However, a judicial confession does not estop the confessor from denying the correctness of his earlier admission unless the party claiming the benefit from the confession has relied on the admission to his prejudice. *Crawford v. Deshotels*, 359 So.2d 118 (La.1978).

4

Defendant must have been able to satisfy the two prongs established in La.Code Civ.P. art. 1468, the first being that the merits of the action will be assisted by allowing the withdrawal of the admissions, and second being that Plaintiff would not be prejudiced in maintaining his action. We find that Defendant has met neither of these prongs.

This court found in *Williams v. Housing Authority of the City of Lafayette*, 09-753 (La.App. 3 Cir. 2/3/10, 4-5), 28 So.3d 1221, 1224, *writ denied*, 10-0492 (La. 4/30/10), 34 So.3d 297, that "[g]iven LHA's failure to investigate before answering the Requests for Admission, the time that elapsed between the responses to the admissions and the trial, and the last minute motion to amend, we find no abuse of discretion of the trial court's discretion in its decision to disallow the amendment and/or withdrawal of the admissions."

At the time the admissions were made, all investigation concerning the fall was under Defendant's sole control. Defendant's expert inspected the site of the fall nine and one half years after the accident. Considering Defendant's ample opportunity to investigate the incident and the considerable time span between Plaintiff's Requests for Admissions and Defendant's Admissions, we find no abuse of the trial court's discretion on the matter. Further investigation could have been made during the time period between the incident and the answering of the admissions, and no other facts have been presented that justify an amendment to these admissions. Defendant submits that its prior counsel "erroneously" made these admissions; however, upon review of the record, no evidence has been submitted to support this statement except for its change of counsel on March 6, 2013.

After considering the second prong established in La.Code Civ.P. art. 1468, it is clear that Plaintiff would be prejudiced should Defendant be allowed to

withdraw and amend its admissions. Plaintiff relied on these admissions when filing his Motion for Summary Judgment. Based on the timeline before us, we find that Defendant had ample opportunity to revisit the admissions and failed to do so until several years had passed and trial was only two months away.

Defendant points out that the incorrect date was used in the first set of admissions submitted by Plaintiff; however, this contention does not give rise to reversible error. At the time the Requests for Admissions were propounded, Plaintiff mistakenly alleged in his Petition for Damages that the accident occurred on January 12, 2006, instead of the correct date of January 9, 2006. Defendant subsequently used the incorrect date in its answers. This error was subsequently corrected by Plaintiff through an amendment of the pleadings.

It is clear that Defendant was referring to the slip and fall that is the subject of the case at hand in its original discovery responses and not to another slip and fall on the incorrect date of January 12, 2006.

Given the discretion afforded to the trial court and the timeline of events, we find no merit in this first assignment of error.

*Assignment of Error No. Two:*

In its second assignment of error, Defendant asserts that the trial court erred in granting Plaintiff's Motion for Partial Summary Judgment. Defendant contends that it submitted evidence to show that it exercised reasonable care and that it was free from fault, this giving rise to genuine issues of material fact regarding liability. We find no merit to this assertion.

"On appeal, the trial court's resolution of a summary judgment motion is reviewed de novo." *Rose v. Liberty Mut. Fire Ins. Co.*, 15-1184, p. 3 (La.App. 3 Cir. 5/18/16), 192 So.3d 881, 884. Louisiana Code of Civil Procedure Article 966(D)(1) details a motion for summary judgment procedure, stating:

6

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

As we explained in *Gunter v. Jefferson Davis Parish*, 11-1018, pp. 4-5 (La.App. 3 Cir. 2/1/12), 84 So.3d 705, 708:

Louisiana Code of Civil Procedure Article 966(A)(1) provides that a defendant may move for summary judgment "at any time." Further, La.Code Civ.P. art. 966(C)(1) provides that, "[a]fter adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law shall be granted."

The provision for adequate discovery does not grant a party an absolute right to delay a decision on a motion for summary judgment until all discovery is complete. *West v. Watson*, 35,278 (La.App. 2 Cir. 10/31/01), 799 So.2d 1189, *writ denied*, 01-3179 (La. 2/8/02), 809 So.2d 140. Unless the party opposing the motion for summary judgment shows a probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there are no genuine issues of fact. *Advance Products & Systems, Inc. v. Simon*, 06-609 (La.App. 3 Cir. 12/6/06), 944 So.2d 788, *writ denied*, 07-26 (La.3/9/07), 949 So.2d 444. The abuse of discretion standard is used to determine if the trial court allowed adequate time for discovery. *Id.*

*Prime Income Asset Mgmt., Inc. v. Tauzin*, 07-1380, pp. 13–14 (La.App. 3 Cir. 4/30/08), 981 So.2d 897, 905-06.

The court in *Reynolds v. St. Francis Medical Center* set forth the following standard in a slip and fall case concerning a non-store business when it stated, in pertinent part:

As in any slip and fall lawsuit, to establish a prima facie case against a hospital, the plaintiff must show that she slipped, fell, and was injured because of a foreign substance on the defendant's premises. *LeBlanc v. Alton Ochsner Medical Foundation*, 563 So.2d 312 (La.App. 5th Cir.1990); *Bordelon v. Southern Louisiana Health*

*Care Corp.*, 467 So.2d 167 (La.App. 3rd Cir.1985), *writ denied*, 469 So.2d 989 (La.1985). The burden then shifts to the defendant to exculpate itself from the presumption of negligence. *LeBlanc v. Alton Ochsner Medical Foundation*, [563 So.2d 312].

In the case at hand, Defendant's admissions demonstrated that no genuine issue of material fact exists. Defendant admitted that Plaintiff fell on its premises due to water present and that the source of the water was located on its premises or under the control of Defendant and its employees. Defendant admitted that the water on the floor was the result of an in-house custodian mopping the ramp area on which Plaintiff slipped and fell. Further, there was video evidence of the ramp being mopped prior to Plaintiff's fall. Despite Defendant contending that the report from its slip and fall expert showed that Plaintiff "tripped" rather than "slipped," we find no basis for which to overturn the trial court's ruling on this issue.

Defendant specifically stated the following in its Answers to Interrogatories:

INTERROGATORY NO. 27:

> Please state whether defendant has determined the following:
>
> a. That plaintiff did, in fact, slip and fall in water or some other liquid on the subject walkway/hallway on the date of the accident which is the subject accident;
> b. The type of liquid that caused plaintiff to slip and fall;
> c. The source of the liquid on the floor of the hallway/walkway that caused plaintiff to slip and fall;
> d. Whether there was any leak in the roof, or leak or condensation run-off from any nearby air conditioning unit or other appurtenance, or whether the water was the result of condensation accumulating on the floor; and
> e. Whether defendant was aware prior to the plaintiff's accident of any leak in the roof, or leak or condensation run-off from any nearby air conditioning unit or other appurtenance, or whether the water was the result of condensation accumulating on the floor.
>
> Additionally, pursuant to Request for Production Numbers 19 and 20, attach a copy of any documents or records that substantiate your determinations.

ANSWER TO INTERROGATORY NO. 27:

a. Plaintiff did slip an [sic] fall on water in the hallway.

b. Water. The hallway had recently been mopped.

c. Please see section (b).

d. None.

e. None.

Based on these admissions, we find the trial court did not err in its decision that there is no material issue of fact and that Plaintiff is entitled to summary judgment. As such, this second assigned error lacks merit.

*Assignment of Error No. Three:*

In its third assignment of error, Defendant asserts that the trial court committed legal error in granting Plaintiff's Motion for Partial Summary Judgment because it did not dispose of all issues of liability, and specifically, that the issue of Plaintiff's comparative fault remains.

The appellate court reviews summary judgments de novo under the same criteria which govern the trial court's determination of whether summary judgment is appropriate. *Shoemaker v. Shreveport Emergency Med. Servs.*, 31,692 (La.App. 2 Cir. 2/24/99), 728 So.2d 1031.

Louisiana Code of Civil Procedure Article 966(D)(1) provides the following, in pertinent part, "[t]he burden of proof rests with the mover . . . . The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law."

A defendant seeking to defeat a Motion for Summary Judgment based upon liability using the affirmative defense of contributory negligence must come forward with facts supporting this defense. We find that Defendant has not carried

9

its burden of proof on this matter nor has provided evidence supporting the defense, thus failing to prove the affirmative defense of contributory negligence. Accordingly, we find no merit in Defendant's third assigned error.

*Assignment of Error No. Four:*

In its fourth assignment of error, Defendant contends that the trial court committed legal error in granting Plaintiff's Motion for Partial Summary Judgment by relying solely on Defendant's original Responses to Requests for Admissions and for failing to consider Defendant's verified Supplemental and Amending Interrogatory Answers and expert opinion. Defendant asserts that its original admissions do not establish that Defendant acted unreasonably or that the floor was unreasonably dangerous.

We are compelled to agree that Defendant's negligence created an unreasonable slippery condition and that Defendant violated its duty to protect visitors from an unreasonable risk of harm.

Pursuant to La.Code Civ.P. art. 966(A)(4), answers to interrogatories and admissions can support the imposition of a favorable judgment on a Motion for Summary Judgment. We cannot say the trial court erred by relying on Defendant's original Responses.

Accordingly, we find no merit to Defendant's fourth assigned error.

**DISPOSITION:**

Defendant, CHRISTUS Health Central Louisiana, raised four assignments of error. For the foregoing reasons, we find no merit in these assertions. Therefore, we affirm the trial court's judgment granting Plaintiff's Motion for Partial Summary Judgment. We also affirm the trial court's denial of Defendant's Motion to Withdraw and Amend its Prior Responses. All costs associated with this appeal are assessed to Defendant.

10

**AFFIRMED.**

KIM A. GUILLORY

VERSUS

CHRISTUS HEALTH CENTRAL LOUISIANA, ET AL.

**CONERY, J., dissents and assigns reasons.**

I respectfully dissent. I would find that in this summary judgment case, there is a genuine issue of fact as to whether the defendant's original answers to interrogatories and requests for admissions should preclude defendant from contesting the particulars of this alleged slip and fall at trial. If the Answers to Interrogatories and Requests for Admissions are properly introduced into evidence at trial by plaintiff, defendant should be allowed to introduce evidence in their case in chief as to the particulars of how and why those "admissions" were made, including alleged mistake by prior counsel. The jury should decide the facts based on all the evidence.

I would further find that clear issues of material fact exist and summary judgment is improper. Defendants should be allowed to introduce evidence to the jury that it exercised reasonable care and was free from fault, including by testimony and the video showing many patrons walking through this exact area without incident prior to plaintiff's fall. Moreover, defendant's expert finds no evidence of any defect on the non-skid surface involved in this case.

This case involves questions of credibility and how the fact finder should weigh the evidence. Those are questions for the jury. This case is not appropriate

for summary judgment disposition.