STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2025 CA 0723

CARLOS GLOVER & NORISHA GLOVER

VERSUS

CYPRESS TITLE, L.L.C. & MICHAEL A. GRACE, JR.

Judgment Rendered: **JAN 0 9 2026**

* * * * * * *

On Appeal from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court Docket Number C706335, Sec. 22

Honorable Beau Higginbotham, Judge Presiding

* * * * * * *

| | |
|---|---|
| Bradley C. Stidham<br>Baton Rouge, Louisiana | Counsel for Plaintiffs/Appellants,<br>Carlos Glover and Norisha Glover |
| Ross A. Dooley<br>Baton Rouge, Louisiana | Counsel for Defendants/Appellees,<br>Cypress Title, L.L.C. and<br>Caroline Crennan Grace Borck,<br>Independent Administratrix for the<br>Succession of Michael A. Grace, Jr. |

* * * * * * *

BEFORE: THERIOT, PENZATO, AND BALFOUR, JJ.

Theriot, J., concurs

R. Hour, JJ. Concurs

**PENZATO, J.**

Plaintiffs filed this appeal seeking review of the trial court's February 19, 2025 judgment, rendered after trial on the merits. Plaintiffs also pertinently seek review of the trial court's June 14, 2023 interlocutory judgment granting defendants' motion to deem matters admitted and the September 25, 2023 judgment denying plaintiffs' motion to withdraw or amend admission. After review, we find the trial court erred by granting defendants' motion to deem matters admitted and abused its discretion by denying plaintiffs' motion to withdraw admission. These judgments are reversed.

We find these evidentiary errors were prejudicial and materially affected the outcome of the trial. Finding the record is incomplete due to the absence of evidence on an issue central to the case, we vacate the February 19, 2025 judgment and remand this matter to the trial court for further proceedings consistent with this opinion.

## PERTINENT FACTS AND PROCEDURAL HISTORY

Carlos and Norisha Glover, former spouses, purchased a home on August 28, 2020.[1] The closing was handled by Cypress Title, L.L.C. Specifically, Michael Grace, Jr. served as closing attorney and Amanda Rogers Herkes was the closing secretary; both were employed by Cypress Title. Prior to the closing, the Glovers chose to have their home insured by Anchor Specialty Insurance Company. The lender, Federal Savings Bank, created and assembled the closing package and provided the Glovers with a closing disclosure, both of which identified Anchor as the homeowners' insurer.

For unexplained reasons, the closing package did not contain a declarations page for an Anchor policy. Instead, it contained a declarations page for a policy

---

[1] The facts set forth in this section were established by witness testimony and evidence admitted during the November 8, 2024 bench trial of this matter. Mr. Glover testified at trial that he and Norisha are now divorced.

2

issued by USAA on a different home owned solely by Mr. Glover. Relying on this declarations page, Ms. Herkes issued a check to USAA on August 28, 2020, purportedly as payment for the Glovers' homeowners' insurance.

The Glovers' home was burglarized in January 2021. Multiple items were stolen from the home, including guns and jewelry, and a door was damaged. Thereafter, Mr. Glover contacted Anchor to make a claim on their homeowners' policy. Anchor denied the claim on January 19, 2021, because, according to its records, the Glovers' policy was cancelled effective August 28, 2020. It was then that the parties discovered that payment for the Glovers' homeowners' insurance was erroneously sent to USAA; neither USAA nor Anchor issued a policy insuring the Glovers' home following the August 28, 2020 closing.[2]

The Glovers filed suit against Cypress Title and Mr. Grace, seeking reimbursement for damages to their home and replacement of stolen items. They also asserted that Cypress Title engaged in the "title insurance business" and was subject to the requirements and penalty provisions set forth in La. R.S. 22:1973. Thus, they sought to recover penalties and attorney fees for the defendants' alleged breach of the duty of good faith and fair dealing.

Cypress Title and Mr. Grace answered the petition and filed third-party demands against Federal Savings Bank, Freedom Mortgage Company, Anchor, and USAA. However, Cypress Title and Mr. Grace subsequently voluntarily dismissed the third-party defendants, over the Glovers' objection. Shortly thereafter, Caroline Crennan Grace Borck, Independent Administratrix for the Succession of Michael A. Grace, Jr., was substituted as party-defendant on behalf of Mr. Grace (deceased).

On March 28, 2023, Cypress Title and Ms. Borck (collectively, "Cypress Title") filed a "Motion to Deem Matters Admitted Pursuant to [La. C.C.P.] art.

---

[2] USAA refunded the amount erroneously paid by Cypress Title on January 20, 2021. Cypress Title then refunded that amount to the Glovers.

3

1471." Cypress Title asserted that Mr. Glover was served with three requests for admission (identified as nos. 10, 11, and 12) on February 23, 2023, and no answers were received as of the date of filing. Most significantly, request for admission no. 12 asked Mr. Glover to "Please admit that you received the document attached hereto as Exhibit 3 prior to the date of the [b]urglary." Exhibit 3 is a "Notice of Cancellation" issued by Anchor to the Glovers on September 28, 2020, which states the identified policy is being cancelled by Anchor effective August 28, 2020 and will not provide coverage after the date of cancellation. The reason stated is "Insured – Non Pay."[3] In addition to the matters being deemed admitted, Cypress Title sought an award of attorney fees and costs pursuant to La. C.C.P. art. 1471(C). The motion was set for hearing on May 22, 2023.

The Glovers did not file an opposition to the motion to deem matters admitted but were allowed to argue during the hearing on the motion. The trial court was advised that the Glovers provided responses to the requests for admissions to Cypress Title on April 11, 2023 and filed the responses into the record on May 22, 2023. At the conclusion of the hearing, the trial court granted the motion to deem matters admitted and granted Cypress Title's request for attorney fees. A judgment memorializing this ruling and ordering Mr. Glover to pay the sum of $360.00 in attorney fees to Cypress Title was signed on June 14, 2023.

The Glovers filed a "Motion for New Trial and to Withdraw or Amend Admission" on June 29, 2023, urging they responded to the requests for admissions before Cypress Title obtained an order compelling same. For this reason, they maintained the award of attorney fees pursuant to La. C.C.P. art. 1471 was premature

---

[3] As noted later in this opinion, the requests for admission attached to Cypress Title's motion to deem matters admitted were not introduced into evidence during the hearing on the motion and are, therefore, not properly in the record on appeal. See Garner v. Redwood Investment Co., 2022-1049 (La. App. 1 Cir. 7/31/23), 371 So.3d 528, 533-34. Therefore, our discussion of the text of request for admission no. 12 is included only for context and to explain the significance of the fact deemed admitted to the evidence presented at trial as well as the trial court's factual findings and allocation of fault.

4

and legally unavailable without an order compelling discovery. They also sought to withdraw or amend the deemed admitted response to request for admission no. 12, pertinently asserting that no motion for summary judgment, trial, or any other matter was pending when the admission was propounded or when it was answered, approximately 10 days late.[4] Cypress Title opposed the Glovers' motion, arguing in part that the motion to withdraw or amend had no merit because the Glovers "never offered an explanation as to why timely responses were not submitted[.]"

The trial court denied the Glovers' motion in all respects at the conclusion of a contradictory hearing in September 2023, finding the Glovers failed to put forth evidence to establish the judgment was clearly contrary to the law and evidence. A judgment denying the Glovers' motion was signed on September 25, 2023.

The matter proceeded to a bench trial on November 8, 2024. After taking the matter under advisement, the trial court rendered judgment in favor of the Glovers, awarding a total of $7,615.72 in damages. The trial court allocated fault as follows: Cypress Title – 10%; Federal Savings Bank – 50%; Anchor – 0%; USAA – 15%; the Glovers – 25%. Thereafter, the Glovers were awarded $761.57 to be paid by Cypress Title. However, Cypress Title was awarded an offset of court costs in the amount of $415.00 to be paid by the Glovers in connection with three pre-trial judgments. The Glovers now appeal from this judgment, signed on February 19, 2025.

## DISCUSSION

The Glovers identify four errors purportedly committed by the trial court, which they contend warrant reversal of the February 19, 2025 judgment or a reallocation of fault and increase of damages. We find merit in the fourth assignment of error challenging the trial court's pretrial rulings on Cypress Title's motion to

---

[4] The Glovers stated that requests for admission nos. 10 and 11 were admitted.

deem matters admitted and the Glovers' motion to withdraw or amend admission.[5] Because our holding on this assignment of error is dispositive of this appeal, we pretermit consideration of the Glovers' remaining assignments of error.

### *Motion to Deem Matters Admitted; Motion to Withdraw or Amend*

A party may serve upon any other party a written request for the admission of the truth of any matters within the scope of La. C.C.P. arts. 1422 through 1425 set forth in the request or of the truth of any relevant matters of fact. La. C.C.P. art. 1466. The matter is admitted unless, within thirty days after service of the request, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or his attorney. La. C.C.P. art. 1467(A). Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. The court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. La. C.C.P. art. 1468.

After reviewing the transcript from the hearing on the motion to deem matters admitted, we determined that no documents were admitted into evidence to support the motion. Exhibits not properly and officially offered and admitted into evidence cannot be considered, even if they are physically filed into the trial court record. Except as otherwise provided by law, documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. *Garner v. Redwood*

---

[5] Generally, when an unrestricted appeal is taken from a final judgment determinative of the merits, the appellant is entitled to seek review of all adverse and prejudicial interlocutory judgments, in addition to the review of the final judgment. *Pontchartrain Natural Gas System v. Texas Brine Co., LLC*, 2018-1249 (La. App. 1 Cir. 12/30/20), 317 So.3d 715, 742, *writs denied*, 2021-00382, 2021-00386 (La. 6/8/21), 317 So.3d 323; *Killebrew v. Cook*, 2023-0806 (La. App. 1 Cir. 4/19/24) 2024 WL 1694060, *5 (unpublished).

6

*Investment Co.*, 2022-1049 (La. App. 1 Cir. 7/31/23), 371 So.3d 528, 533-34. Consequently, Cypress Title failed to prove the fact to be deemed admitted due to Mr. Glover's failure to timely respond to request for admission no. 12.

Cypress Title also failed to prove the requests for admission were served on Mr. Glover on February 23, 2023. However, during discussions with the trial court at the hearing on the motion to deem matters admitted, the Glovers' counsel acknowledged that responses to the requests for admission were not provided to Cypress Title until April 11, 2023 and were approximately two weeks late. Defense counsel acknowledged late-receipt of the responses. These admissions by counsel were sufficient to establish that Cypress Title received the Glovers' responses on April 11, 2023, approximately two weeks past the thirty-day deadline. See La. C.C. art. 1853; *Cichirillo v. Avondale Industries, Inc.*, 2004-2894 (La. 11/29/05), 917 So.2d 424, 430 (finding the response by plaintiff's counsel to the questions posed by the court regarding the date of diagnosis of mesothelioma to be a judicial confession of that fact, relieving defendants of the necessity of introducing evidence).

Courts have generally given full effect to La. C.C.P. arts. 1467 and 1468 when there has been a total lack of response to requests for admission. *Vardaman v. Baker Center, Inc.*, 96-2611 (La. App. 1 Cir. 3/13/98), 711 So.2d 727, 732. However, Louisiana courts have allowed late-filed denials of requests for admission to constitute requests for withdrawal of those admissions, even if the responses were provided extremely late and were not presented to the court by a motion to withdraw or amend the admissions. *Vardaman*, 711 So.2d at 732; *Hall v. Our Lady of the Lake R.M.C.*, 2006-1425 (La. App. 1 Cir. 6/20/07), 968 So.2d 179, 183.

Here, not only did the Glovers respond to the requests within two weeks of the thirty-day deadline, but they also filed a motion to withdraw or amend the deemed admitted response to request for admission no. 12 on June 29, 2023, shortly

after the trial court signed the judgment granting Cypress Title's motion to deem matters admitted.

Cypress Title has not proven or even asserted that it was prejudiced by the two-week delay in receiving the Glovers' responses. It did not file a motion for summary judgment in reliance on the judgment granting the motion to deem matters admitted. In the spring of 2023, when the requests were served and delinquently answered, there were no pending trial deadlines and no upcoming trial date. See *Hall*, 968 So.2d at 183-34 (plaintiffs' motion to withdraw matters deemed admitted was erroneously denied where untimely responses to requests for admission were provided six days after defendant filed a motion for summary judgment); and *Roach Plumbing & Heating, Inc. v. Fairfield Towers, LLC*, 44,551 (La. App. 2 Cir. 8/19/09), 17 So.3d 493, 495 (defendant's untimely response to requests for admission constituted withdrawal of any admissions).

In contrast, see *Dan-Cin Const. Co. v. Thrasher*, 2008-1552 (La. App. 1 Cir. 2/13/09), 9 So.3d 205, 209, where plaintiff failed to file any response to the requests for admission or to seek to withdraw or amend the admission; thus, the requests for admission were deemed admitted and conclusively established. In *Duckworth v. Curole*, 2023-0611 (La. App. 1 Cir. 4/19/24), 389 So.3d 832, 836-37, *on rehearing*, 2023-0611 (La. App. 1 Cir. 12/11/24), 404 So.3d 831,[6] this court concluded the trial court did not abuse its discretion under La. C.C.P. art. 1468 by disallowing defendants' withdrawal of the admissions. Responses were provided eight months after they were propounded, three months after the 10.1 conference, and only two days before the hearing on plaintiffs' motion for summary judgment. *Duckworth*, 389 So.3d at 837. Finally, in *Guillory v. Christus Health Central Louisiana*, 2016-841 (La. App. 3 Cir. 5/10/17), 219 So.3d 1115, 1118-19, *writ denied*, 2017-0953

---

[6] Rehearing was granted after this court determined it had wrongly failed in its initial opinion to consider two exhibits that plaintiffs had submitted on summary judgment and that had been misplaced, through no fault of plaintiffs, in the appellate record. *Duckworth*, 404 So.3d at 832.

8

(La. 10/9/17), 227 So.3d 836, the court concluded plaintiff would be prejudiced if defendant was allowed to withdraw and amend its admissions, because plaintiff relied on the admissions when filing his motion for summary judgment. Defendant had ample opportunity to revisit the admissions and failed to do so until several years had passed and trial was only two months away. *Guillot*, 219 So.3d at 1118.

After reviewing the record, we find the trial court erred by granting the motion to deem matters admitted where no evidence was introduced to support the motion. We further find the trial court legally erred by awarding attorney fees to Cypress Title pursuant to La. C.C.P. art. 1471(C), since the Glovers did not fail to obey the trial court's discovery order. Finally, the trial court abused its discretion by denying the Glovers' motion to withdraw or amend the admission as such would have subserved the presentation of the merits of the action. Additionally, Cypress Title made no showing that withdrawal or amendment would have prejudiced it in maintaining its defense on the merits nor do the facts suggest that Cypress Title would have been prejudiced by withdrawal of the admission. See La. C.C.P. art. 1468. Consequently, we reverse the trial court's June 14, 2023 judgment granting Cypress Title's motion to deem matters admitted and the September 25, 2023 judgment denying the Glovers' motion to withdraw the admission.

As a result of the trial court's pre-trial rulings, neither party offered evidence at trial concerning the Glovers' knowledge or lack thereof that the Anchor policy was cancelled before the January 2021 burglary. Mr. Glover testified only that he was "confused" when the claim was denied.[7] Generally, when the trial court makes prejudicial evidentiary errors, such that they materially affect the outcome of the trial and deprive a party of substantial rights, and if the record is otherwise complete, the appellate court will conduct its own *de novo* review of the record. *Hicks v. USAA*

---

[7] Norisha Glover did not testify at trial.

9

*General Indemnity Co.*, 2021-00840 (La. 3/25/22), 339 So.3d 1106, 1115-16. <u>See</u> La. C.E. art. 103(A). However, in limited circumstances, when necessary to reach a just decision and to prevent a miscarriage of justice, an appellate court should remand the case to the trial court under the authority of La. C.C.P. art. 2164, rather than undertaking a *de novo* review. Whether a particular case should be remanded is largely within the court's discretion and depends upon the circumstances of the case. *Hicks,* 339 So.3d at 1116.

Evidence concerning the Glovers' knowledge (or lack thereof) that the Anchor policy was cancelled was central to the case and the trial court's factual findings and allocation of fault. These pre-trial rulings also "undoubtedly affected trial strategy and witness selection by both sides." *Hicks*, 339 So.3d at 1116, <u>quoting</u> *Melerine v. Tom's Marine & Salvage, LLC*, 2020-00571 (La. 3/24/21), 315 So.3d 806, 822. The absence of evidence on this issue renders the appeal record incomplete such that a *de novo* review of the record by this court would undoubtedly prejudice one or both parties. Thus, we find it proper to remand this matter for further proceedings. La. C.C.P. art. 2164; *Hicks*, 339 So.3d at 1116.

## CONCLUSION

For these reasons, we reverse the June 14, 2023 judgment granting Cypress Title's motion to deem matters admitted, reverse the September 25, 2023 judgment denying the Glovers' motion to withdraw the admission, and vacate the February 19, 2025 judgment. The matter is remanded to the trial court for further proceedings consistent with this opinion.

**JUNE 14, 2023 JUDGMENT REVERSED; SEPTEMBER 25, 2023 JUDGMENT REVERSED; FEBRUARY 19, 2025 JUDGMENT VACATED; REMANDED.**